LABORATORIO CLÍNICO GUAYNABO, LABORATORIO CLÍNICO DEL PUEBLO y LABORATORIO CLÍNICO KOPER, demandantes y peticionarios, *v.* DEPARTAMENTO DE SALUD DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO y LABORATORIO CLÍNICO LAS COLINAS, demandados y recurridos.

*Número:* CC-97-754        *Resuelto:* 30 de junio de 1998

*Francisco M. Dolz Sánchez*, abogado de los peticionarios.

PER CURIAM:

(Regla 50)

Las recurrentes, Laboratorio Clínico Guaynabo, Laboratorio Clínico del Pueblo y Laboratorio Koper (en adelante los laboratorios opositores) recurren de la denegatoria del Tribunal de Circuito de Apelaciones a revisar la decisión de la Hon. Secretaria de Salud que concedió un certificado de necesidad y conveniencia (en adelante C.N.C.) a la recurrida, Laboratorio Clínico Las Colinas, para el establecimiento de un laboratorio clínico en Guaynabo. En su resolución, el foro apelativo intermedio concluyó que el recurso solicitado incumplió con las disposiciones de la Ley de la

Judicatura de Puerto Rico de 1994 y del Reglamento del Tribunal de Circuito de Apelaciones que regulan el trámite de la presentación de escritos ante dicho foro. Por estimar que debemos confirmar la resolución impugnada sin necesidad de un trámite adicional alguno, así lo hacemos al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

I

El 28 de febrero de 1995 la Lcda. Nilsa Marrero, tecnóloga médica, y su esposo, el Sr. Vicente Perocier, presentaron ante el Departamento de Salud una solicitud para obtener un C.N.C. para establecer un laboratorio clínico, que se llamaría Laboratorio Clínico Las Colinas, en la calle Parque de los Niños, carretera Núm. 20, Km. 5.2, en el municipio de Guaynabo.

Tras el cumplimiento de los trámites de rigor y adoptando la recomendación del Oficial Examinador, la Secretaria de Salud otorgó el C.N.C. solicitado mediante la resolución emitida y notificada el 17 de abril de 1997.

Oportunamente, el 7 de mayo de 1997, los laboratorios opositores presentaron en el trámite administrativo una solicitud de reconsideración, la cual se entendió como rechazada de plano toda vez que transcurrió el término de quince (15) días desde su presentación sin que el Departamento de Salud se expresara sobre ésta.[1] A partir de la expiración de dicho término, 22 de mayo de 1997, comenzó a transcurrir el término jurisdiccional de treinta (30) días para solicitar la revisión judicial de la determinación del Departamento de Salud.

El 23 de junio de 1997, último día hábil para ello, los laboratorios opositores presentaron un recurso de revisión

---

[1] Véase la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, según enmendada por la Ley Núm. 297 de 25 de diciembre de 1995 (3 L.P.R.A. sec. 2172).

*ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.* La parte proponente, Laboratorio Clínico La Colinas, solicitó la desestimación del recurso, aduciendo que ese tribunal carecía de jurisdicción para considerarlo, toda vez que el recurso había sido notificado a las partes y al Departamento de Salud fuera del término jurisdiccional establecido para ello. Además, alegó que conforme a la nueva Ley de la Judicatura de Puerto Rico de 1994, según enmendada, y a la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.), según enmendada, el Tribunal de Primera Instancia no era el foro con competencia para atender el recurso.

En respuesta, los laboratorios opositores presentaron una "Oposición a moción de desestimación y solicitud urgente de traslado a la Secretaría del Tribunal del Circuito de Apelaciones". En ella admitieron haberse equivocado al presentar el recurso de revisión ante dicho tribunal y no ante el Tribunal de Circuito de Apelaciones. Por consiguiente, solicitaron el traslado del expediente del caso a la Secretaría del referido foro apelativo. Además, certificaron haber notificado el recurso a las demás partes y al Departamento de Salud dentro del término jurisdiccional establecido para ello mediante la documentación pertinente.

Así las cosas, el 5 de agosto de 1997, los laboratorios opositores presentaron un nuevo recurso ante el Tribunal de Circuito de Apelaciones, al cual fue asignado el Núm. KLRA97-00488. A su vez, el 11 de agosto de 1997, el Tribunal de Primera Instancia emitió una resolución para ordenar el traslado del expediente al Tribunal de Circuito de Apelaciones, según solicitado.

El 16 de septiembre de 1997, notificado el mismo día, la Secretaría del Tribunal de Circuito de Apelaciones informó a las partes que el caso presentado ante el Tribunal de Primera Instancia había sido referido a ese tribunal y que

se le había asignado el Núm. KLAA97–00019. Ese mismo día, pero notificada el 23 de septiembre de 1997, el Tribunal de Circuito de Apelaciones ordenó la consolidación de ambos recursos.

El 3 de octubre de 1997 el Laboratorio Clínico Las Colinas solicitó la desestimación del recurso alegando, en esencia, que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para considerarlo.[2]

Habiendo presentado su oposición a dicha solicitud el Laboratorio Clínico Las Colinas, el Tribunal de Circuito de Apelaciones emitió una resolución el 5 de noviembre de 1997, mediante la cual desestimó los recursos de revisión consolidados por incumplimiento con las disposiciones de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, y de su reglamento, que regulan el trámite de la presentación de escritos ante dicho foro apelativo. Determinó el tribunal que aunque el recurso de revisión fue interpuesto dentro del término jurisdiccional establecido para ello, éste no fue perfeccionado conforme a derecho, ya que no fue presentado ante el foro adecuado. Dicha resolución fue notificada y archivada en autos el 13 de noviembre de 1997.

De ella acuden los opositores peticionarios haciendo el señalamiento de error siguiente:

El Tribunal de Circuito de Apelaciones abusó de su discreción al desestimar el recurso de revisión por no haber sido presentado en el foro adecuado. Petición de *certiorari*, pág. 7.

## II

En síntesis, aducen los opositores peticionarios que abusó de su discreción el Tribunal de Circuito de Apelacio-

---

[2] Los opositores peticionarios no acompañaron como parte del apéndice de este recurso una copia de la moción de desestimación presentada por el Laboratorio Clínico La Colinas ante el Tribunal de Circuito de Apelaciones. Tal omisión constituye un incumplimiento con la Regla 20(5) del Reglamento de este Tribunal 4 L.P.R.A. Ap. XXI–A.

nes al desestimar el recurso de revisión por no haber sido presentado en el foro adecuado. Argumentan que conforme a la Ley de la Judicatura de Puerto Rico de 1994, nuestro sistema judicial está unificado en lo concerniente a la jurisdicción, el funcionamiento y la administración, por lo que el Tribunal de Primera Instancia tan solo carecía de competencia y no de jurisdicción para atender la solicitud de revisión. Además, sostienen haber cumplido sustancialmente con los requisitos jurisdiccionales impuestos por la Ley de Judicatura de Puerto Rico de 1994 y el Reglamento del Tribunal de Circuito de Apelaciones, razón por la cual no procedía la desestimación del recurso en cuestión. En apoyo de su argumento citan el caso *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241 (1997). El error no se cometió. Veamos.

La Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 298 de 25 de diciembre de 1995, estableció el Tribunal de Circuito de Apelaciones como un tribunal intermedio entre el Tribunal de Primera Instancia y el Tribunal Supremo. El Art. 4.002(g) de la referida ley, 4 L.P.R.A. sec. 22k(g), dispone, en lo pertinente, que el Tribunal de Circuito de Apelaciones tendrá competencia para revisar:

> (g) Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por [la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida] como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

Por otra parte, la Sec. 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada por la Ley Núm. 247 de 25 de diciembre de 1995, mejor conocida como L.P.A.U., 3 L.P.R.A. sec. 2172, dispone, en lo pertinente, que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en las sec. 2165 de este título, cuando el término para solicitar la revis[ió]n judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.

Cónsono con las disposiciones antes citadas, la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, aprobado el 1ro de mayo de 1996, relativa a la presentación y la notificación del recurso de revisión, dispone claramente que el recurso de revisión se formalizará luego de haber presentado el escrito inicial de revisión y sus cuatro (4) copias ante la *Secretaría del Tribunal de Circuito de Apelaciones.*

■ Como vemos, las disposiciones transcritas, leídas en conjunto, circunscriben para su perfeccionamiento la presentación del recurso a la Secretaría del Tribunal de Circuito de Apelaciones, lo cual excluye cualquier otro lugar o método de presentación.

Al aplicar la normativa expuesta a los hechos reseñados anteriormente, forzoso nos resulta concluir que el recurso presentado el 23 de junio de 1997 ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, no fue perfeccionado conforme a la ley *dentro del término jurisdiccional establecido para ello.* Véase *Méndez v. Corp. Quintas San Luis,* 127 D.P.R. 635, 637 (1991). Por lo tanto, *carecía de jurisdicción* el Tribunal de Circuito de Apelaciones para considerarlo, como también carecía de jurisdicción para

considerar el segundo recurso de revisión presentado a dicho foro el 5 de agosto de 1997, mucho tiempo después de haber expirado el término jurisdiccional dispuesto para ello por la Sec. 4.2 de L.P.A.U., *supra*. En vista de ello, no incidió dicho tribunal al desestimar ambos recursos.

## III

Contrario a lo que sostienen los opositores peticionarios, estimamos que los pronunciamientos hechos por este Tribunal en el caso *Soc. Gananciales v. García Robles*, supra, no aplican a la situación del caso de marras. Allí reconocimos que los cambios estructurales incorporados a nuestro sistema de justicia apelativo por la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, han tenido un efecto desestabilizador sobre la profesión legal que ameritaba una actitud de flexibilidad por parte de los foros judiciales con la normativa procesal apelativa de carácter no jurisdiccional.

En primer lugar, a diferencia del caso citado, en el caso de autos ya había transcurrido más de un año de haber entrado en vigor la actual Ley de la Judicatura de Puerto Rico de 1994, la enmienda a la L.P.A.U. y el Reglamento del Tribunal de Circuito de Apelaciones de 1ro de mayo de 1996, a la fecha cuando fueron presentados los recursos. Estimamos que a tal fecha ya había transcurrido un lapso de tiempo suficientemente largo para que los abogados y las partes se hayan familiarizado con la nueva normativa apelativa a los fines de guiarse correctamente por ello. En segundo lugar, en la resolución del Departamento de Salud que se impugna por los opositores, se apercibió debidamente a éstos de su derecho a solicitar la revisión de ésta "conforme a la Ley Núm. 170 de 12 de agosto de 1988, según ha sido enmendada". Por lo que de haberse referido los representantes legales de los recurrentes al referido estatuto, hubiesen actualizado sus conocimientos sobre la

práctica apelativa vigente en torno a la revisión de dictámenes administrativos.

Por los fundamentos ante expuestos, *se dictará sentencia para confirmar la resolución recurrida.*

La Juez Asociada Señora Naveira de Rodón disintió sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.