## REGLAS PARA EL PROCEDIMIENTO DE REVISIÓN DE DECISIONES ADMINISTRATIVAS ANTE EL TRIBUNAL SUPERIOR

*Número:* _____    *Resuelto:* 2 de febrero de 1989

## RESOLUCIÓN

Al amparo de la facultad inherente de este Tribunal para reglamentar los procedimientos judiciales y de lo dispuesto por la Sec. 4.4 de la Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*), se adoptan las *Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior* adjuntas a esta resolución.

Estas reglas serán aplicables a todos los recursos instados ante el Tribunal Superior para revisar órdenes, resoluciones y providencias dictadas por agencias o funcionarios administrativos en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en la Ley Núm. 170, *supra.*

Esta resolución en modo alguno representa expresión institucional o criterios individuales de naturaleza judicial sobre cualesquiera planteamientos que puedan surgir en el ejercicio constitucional de la facultad de este Tribunal para adjudicar oportunamente controversias justiciables.

Se ordena la inmediata publicación de esta resolución y las reglas adjuntas. A esos efectos, notifíquese adicionalmente al Hon. Secretario de Justicia, al Director Administrativo de los Tribunales y al Colegio de Abogados de Puerto Rico.

Lo acordó el Tribunal y certifica el señor Secretario General.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

## REGLAS PARA EL PROCEDIMIENTO DE REVISION DE DECISIONES ADMINISTRATIVAS ANTE EL TRIBUNAL SUPERIOR

### Regla 1: Base legal

Estas Reglas son adoptadas por el Tribunal Supremo de Puerto Rico en virtud de su facultad inherente para reglamentar los procedimientos judiciales y lo dispuesto por la Sec. 4.4 de la Ley Núm. 170 de 12 de agosto de 1988.

### Regla 2: Aplicabilidad

Estas reglas serán aplicables a todos los recursos instados para que el Tribunal Superior revise órdenes, resoluciones y providencias dictadas por agencias o funcionarios administrativos, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en la Ley Núm. 170 de 12 de agosto de 1988.

### Regla 3: Competencia

El recurso se presentará en la sala del Tribunal Superior que se hubiera dispuesto por ley. En aquellos casos en que no haya disposición de ley al respecto, el recurso se presentará en la sala del lugar donde se esté, se planee o se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia. Si la actividad o incidente se lleva o se llevará a

cabo, o hubiere ocurrido en más de un distrito judicial, se podrá presentar el recurso en cualquiera de las salas ubicadas en tales distritos judiciales.

## Regla 4: Término para presentar recurso de revisión

El recurso de revisión deberá ser presentado y recibido en la Secretaría del Tribunal Superior dentro del término jurisdiccional dispuesto por ley.

## Regla 5: Contenido de la solicitud de revisión

(a) El epígrafe de la solicitud de revisión contendrá los nombres de las mismas partes que comparecieron ante la agencia administrativa, identificándolas con la designación que allí tenían, tal como peticionario, opositor, querellante, querellado, apelante, apelado, interventor, etc. Se añadirá en el sitio apropiado la designación de recurrente y recurrido, y se indicará claramente el nombre de la agencia administrativa de la cual proviene el recurso. En los recursos de revisión para impugnar la validez de una regla o reglamento bajo las disposiciones de la Sec. 2.7(b) de la Ley Núm. 170 de 12 de agosto de 1988, el epígrafe expresará el nombre de la persona que impugna, identificándola como recurrente, y el nombre de la agencia que adoptó la regla o reglamento, identificándola como recurrida.

(b) Cualquier solicitud de revisión contendrá las siguientes partes numeradas en el mismo orden que aquí se dispone:

(1) Una referencia a la resolución, orden o providencia administrativa de la cual se recurre, incluso el nombre y el número del caso ante la agencia, la fecha en que se dictó la misma, la fecha en que se archivó en autos copia de la notificación a las partes, la fecha en que se presentó moción de reconsideración ante la agencia y todas las fechas posteriores en que ocurrieron eventos que puedan afectar plazos jurisdiccionales.

(2) Una relación breve y objetiva de los hechos del caso que sean pertinentes al recurso de revisión.

(3) Un señalamiento breve y conciso de los errores que se imputan a la agencia o de las cuestiones de derecho planteadas por el recurso. Dichos señalamientos serán numerados por separado.

(4) Una discusión *por separado* de los asuntos señalados en la parte anterior, siguiendo la misma numeración.

(c) La cubierta de la solicitud tendrá solamente el epígrafe, el nombre, la dirección, el número de teléfono y número de colegiado del abogado del recurrente, y el nombre, la dirección y el número de teléfono del abogado o abogados de las demás partes, identificando claramente qué abogado representa a qué parte. Si alguna parte no hubiese estado representada por abogado ante la agencia, se indicará el nombre, la dirección y el número de teléfono de la propia parte.

(d) No se permitirá la presentación de un memorando separado en apoyo de la solicitud y el tribunal no le dará consideración alguna a cualquier memorando tal. Se deberán incluir todos los fundamentos y los argumentos en el propio cuerpo de la solicitud al momento de presentarla en el tribunal.

(e) Salvo autorización del tribunal, la solicitud de revisión no excederá de veinte (20) páginas, excluyendo el apéndice.

(f) Junto con la solicitud se deberá incluir un apéndice que contendrá copia completa y *legible* de los documentos siguientes:

(1) La orden, resolución o providencia administrativa cuya revisión se solicita.

(2) Las alegaciones de las partes ante la agencia, tales como: la solicitud original, querella o apelación, las contestaciones a las anteriores hechas por las otras partes, etc.

(3) La moción o mociones de reconsideración presentadas a la agencia contra la decisión cuya revisión se solicita.

(4) La decisión de la agencia que resuelve en definitiva la reconsideración.

(5) Cualquier otra decisión, orden o resolución dictada por la agencia, o cualquier otro escrito presentado por las partes a la misma, o cualquier *exhibit* que se hubiese presentado a la agencia durante el trámite administrativo que sea importante para que el Tribunal Superior tome una decisión bien informada sobre el recurso presentado.

(g) Las páginas del apéndice deberán estar numeradas consecutivamente. El apéndice irá precedido por un índice que indicará claramente la página del apéndice en que aparece cada documento. Cuando en el cuerpo de la solicitud se haga referencia a cualquier documento del apéndice, se indicará siempre la página del apéndice en que el documento aparece, y si se hace referencia a algún dato en particular en el documento se indicará siempre la página del apéndice en que aparece tal dato.

(h) No se incluirá en el apéndice ningún documento que no forme parte del expediente ante la agencia.

(i) Si se presenta una solicitud que sustancialmente no se ajuste a los requisitos de esta regla, el tribunal podrá desestimar el recurso. Si la omisión no fuere sustancial, el tribunal ordenará que sea subsanada y podrá paralizar el trámite hasta que ello se realice.

## Regla 6:   Forma de los escritos

(a) Todo escrito deberá ser hecho en papel tamaño legal (8½″ x 14″), con un margen izquierdo no menor de 1½″, y será escrito por un solo lado del papel, a doble espacio, en maquinilla de tipo "pica" o mayor. *No se admitirá ninguna solicitud impresa en el sistema conocido como "dot matrix".*

(b) Todo escrito estará fechado, será firmado por el abogado o por la parte que lo presenta y contendrá una certificación de su notificación a las demás partes que indique en

cada caso el nombre y la dirección de los abogados o partes notificadas, y la forma y la fecha en que la notificación fue hecha, sujeto a lo dispuesto en la Regla 7 para el recurso de revisión.

### Regla 7: Presentación y notificación de la solicitud de revisión

(a) La solicitud deberá ser presentada por el recurrente y recibida por el Tribunal Superior *antes* de su notificación a las demás partes. La Secretaría del tribunal procederá a asignarle número de presentación al recurso, conforme lo dispuesto en la Regla 66.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, e informará inmediatamente dicho número al presentante. El presentante anotará, entonces, dicho número en las copias del recurso que han de ser notificadas a las partes y a la agencia o agencias que hayan intervenido en el proceso.

(b) El recurrente notificará, personalmente o por correo certificado con acuse de recibo, las copias así numeradas dentro del plazo requerido por la Sec. 4.2 de la Ley Núm. 170 de 12 de agosto de 1988. Una vez hecho esto, el recurrente le certificará al tribunal, no más tarde del siguiente día laborable, el haber hecho la notificación indicando el nombre y la dirección de las personas notificadas, y la fecha y la forma en que las notificaciones fueron hechas.

### Regla 8: Oposición a que se expida el auto

(a) Las partes podrán presentar su oposición a la expedición del auto dentro de un plazo de quince (15) días desde la fecha en que se les envió la notificación del recurso. Cualquier parte que estime que en el apéndice de la solicitud de revisión no se incluyeron documentos que debieron ser incluidos, podrá incluirlos en un apéndice a su oposición, cuyas páginas deberán estar numeradas consecutivamente y el cual tendrá un índice igual al ordenado por la Regla 5(f).

(b) Si el tribunal estima que para tomar una decisión adecuada en cuanto a la expedición del auto debe tener el beneficio del punto de vista de cualquiera de las partes, podrá ordenar a ésta o a la agencia que se exprese en torno a la procedencia del recurso de revisión.

### Regla 9: Transcripción de la evidencia

(a) Cuando, a los fines de la decisión sobre la expedición del auto de revisión o para resolverlo, si se hubiere expedido, cualquiera de las partes interesare acompañar una copia total o parcial de la transcripción de evidencia y fuere necesario que el tribunal concediera tiempo para hacer la transcripción, dicha parte deberá, en moción separada al efecto, comprobar la necesidad de ello con vista de las determinaciones de hecho de la agencia, haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se intente utilizar.

Si se apuntare error en la apreciación de la prueba o que alguna de las determinaciones de hecho no están sostenidas por la prueba, la parte recurrente incorporará en la moción un resumen de la parte pertinente de la prueba presentada ante la agencia a fin de sustanciar el apuntamiento. La omisión de cumplir con esta regla dará lugar a que se declare sin lugar la moción.

(b) El tribunal podrá, cuando lo considere necesario o conveniente para lograr una más pronta tramitación del caso, o para servir mejor a los fines de la justicia, ordenar que en lugar de la transcripción se haga una exposición narrativa de la prueba. En tal caso, la parte recurrente preparará dicha exposición y se la notificará a la agencia que decidió el caso y a todas las demás partes. Si hubiere objeción fundamentada de la propia agencia o de cualquiera de las partes a la exposición así preparada, se celebrará una vista ante la agencia para resolver las objeciones. La agencia hará entonces las correcciones que fuesen necesarias a la exposi-

ción y, una vez así corregida, la certificará y la elevará al tribunal. El tribunal podrá fijar plazos límites para las diferentes etapas del proceso indicado, según las circunstancias de cada caso.

(c) Cuando no se solicite u ordene ni la transcripción ni la exposición narrativa de la prueba, el caso será considerado y resuelto a base del expediente administrativo.

(d) Una vez expedido el auto, de no haberse ya acompañado la transcripción o exposición narrativa de la prueba, la parte recurrente tendrá diez (10) días para solicitar, conforme al párrafo (a) de esta regla, la transcripción total o parcial de la evidencia o informar que se acogerá el procedimiento de la exposición narrativa de la prueba. Si pidiere la transcripción parcial, las partes contrarias tendrán diez (10) días para solicitar la transcripción total o adicional que entiendan necesaria.

## Regla 10: Legajo en revisión

El expediente administrativo consistirá de los autos originales o copia de los mismos certificados por la agencia o el funcionario recurrido, y de la transcripción de evidencia o exposición narrativa de la prueba, si se ordenare, también certificada. Las partes podrán estipular, con una breve exposición de los motivos que tengan para ello, que el expediente administrativo se limite a parte de los autos, o de la transcripción de la evidencia, o de la exposición narrativa de la prueba. Esta estipulación estará sujeta a la aprobación del tribunal.

## Regla 11: Órdenes de mostrar causa

(a) Luego de presentada la solicitud de revisión, el tribunal podrá emitir una orden a las partes para que muestren causa por la cual no deba expedir el auto para revocar o modificar la orden, resolución o providencia administrativa objeto del recurso. Excepto en circunstancias de urgencia ex-

trema, no se expedirá una orden tal antes de que hubiese vencido el plazo para oponerse a la expedición del auto.

(b) Una vez se expida la orden para mostrar causa, las partes tendrán el plazo simultáneo que en ella se especifique para contestar la misma. La contestación tendrá un máximo de quince (15) páginas, exclusive las del apéndice, si lo tuviere.

### Regla 12: Disposición del recurso

Una vez transcurrido el término para oponerse al recurso o una vez contestada la orden para mostrar causa, o expirado el plazo para contestarla, el tribunal, conforme a derecho, procederá a: (1) denegar la expedición del recurso; (2) expedir el auto definitivo y dictar sentencia en los méritos confirmando, modificando o revocando la decisión objeto del recurso; (3) ordenar que se continúe con el trámite ordinario del recurso, o (4) dictar cualquier otra providencia u orden.

### Regla 13: Alegatos

(a) En aquellos casos en los que se expida formalmente el auto y se ordene elevar el expediente administrativo, las partes presentarán sus respectivos alegatos. El recurrente presentará el suyo dentro de los treinta (30) días de haberse notificado por la Secretaría el recibo del expediente administrativo o legajo en revisión, y las demás partes presentarán los suyos dentro de los treinta (30) días de notificado el alegato del recurrente.

(b) El alegato del recurrente contendrá, al igual que la solicitud original, una breve relación de los hechos del caso que sean pertinentes al recurso y reiterará el señalamiento breve y conciso de los errores que se imputan a la agencia y/o de las cuestiones de derecho planteadas por el recurso que ya había hecho en la solicitud de revisión. Tendrá, entonces, una discusión por separado de los asuntos señalados, siguiendo la numeración de los señalamientos. No se podrán

hacer señalamientos nuevos, pero en la discusión de los asuntos previamente señalados se podrán incluir argumentos nuevos y/o expandidos.

(c) Los alegatos de las demás partes discutirán por separado todos los señalamientos hechos en el alegato de la parte recurrente y podrán incluir cualquier observación adicional que fuese pertinente a una adecuada solución del caso. Tales alegatos podrán incluir una relación de hechos propia si la parte entiende que la hecha por el recurrente no es fiel a lo ocurrido.

(d) El tribunal podrá negarse a aceptar un alegato recibido fuera de término o de la prórroga que pueda haber sido concedida.

(e) Los alegatos no podrán tener más de veinte (20) páginas, a menos que el tribunal por causa justificada autorice un número mayor. No será necesario unir un apéndice al alegato, ya que es suficiente el apéndice de la solicitud de revisión. Si en cualquier alegato se hiciera referencia a un documento de dicho apéndice, deberá siempre indicarse la página del apéndice en que aparece el documento.

## Regla 14: Mociones de desestimación

Cuando una parte tuviere fundamentos para pedir la desestimación del recurso de revisión, presentará prontamente una moción al efecto de no más de diez (10) páginas y notificará inmediatamente la misma a las demás partes. Éstas tendrán plazo de quince (15) días para oponerse a la desestimación, con escritos que tampoco serán de más de diez (10) páginas.

## Regla 15: Vistas

El tribunal podrá convocar a una vista oral cuando lo estime necesario. Las partes podrán solicitar vistas orales y el tribunal, a su discreción, podrá o no concederlas. La solicitud se hará dentro de los cinco (5) días siguientes a la presenta-

ción del alegato de la parte recurrida. Si ninguna de las partes la solicitare dentro de dicho término, quedará sometido el recurso.

En las vistas, las partes tendrán quince (15) minutos para su argumento inicial y (5) minutos para rebatir, a menos que el tribunal disponga de otro modo.

## Regla 16: Mociones de reconsideración

Cualquier parte podrá pedir al tribunal que reconsidere cualquier decisión que hubiese tomado en el caso. Tales mociones se regirán por lo dispuesto en la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

## Regla 17: Mandatos

Dentro de los cinco (5) días después de haber advenido final y firme la decisión dictada por el Tribunal Superior, el Secretario enviará el mandato a la agencia concernida.

## Regla 18: Sanciones

El incumplimiento de estas reglas u orden del tribunal por cualquiera de las partes podrá dar lugar a la imposición de sanciones. Ello podría incluir la desestimación del recurso o la imposición del pago de honorarios razonables de abogado, y las costas y gastos a cualquier parte que incurriera en el incumplimiento.

## Regla 19: Poder adicional de reglamentación del tribunal

En situaciones no previstas por este reglamento, el tribunal encauzará el trámite en la forma que, a su juicio, sirva los mejores intereses de todas las partes.

Queda reservada la facultad del tribunal para en casos apropiados prescindir de términos, escritos o procedimientos específicos en orden al más justo y eficiente despacho del caso.

**Regla 20: Vigencia**

Estas reglas comenzarán a regir en la misma fecha de vigencia de la Ley Núm. 170 de 12 de agosto de 1988 y, una vez en vigor, derogarán las reglas aplicables a los recursos para la revisión de decisiones administrativas ante el Tribunal Superior, adoptadas por el Tribunal Supremo el 23 de septiembre de 1976 (4 L.P.R.A. Ap. VIII-A).