HÉCTOR MÉNDEZ CABRERA, querellante y recurrente, *v.* CORPO-
RACIÓN URBANIZADORA QUINTAS DE SAN LUIS, querellada y
recurrida, y DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR,
recurrido.

*Número:* CE-90-515          *Resuelto:* 15 de enero de 1991

*William Santiago Sastre,* abogado del peticionario; *Albis C. Rivera
Medero,* abogada de la Corporación Urbanizadora Quintas de San
Luis, recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 23 de enero de 1990 el Departamento de Asuntos del Consumidor (D.A.Co.) desestimó la querella presentada por Héctor Méndez Cabrera contra la Corporación Urbanizadora Quintas de San Luis. El 27 de febrero, en reconsideración, se reiteró. Inconforme, el 29 de marzo a las 3:53 P.M., Méndez Cabrera presentó un recurso de revisión ante el Tribunal Superior, Sala de Caguas. Al día siguiente, transcurrido el término jurisdiccional de treinta (30) días, notificó personalmente copia de su escrito de revisión al abogado de D.A.Co.

Vista esta cronología, el foro de instancia (Hon. Enrique A. Jordán Musa, J.) desestimó por falta de jurisdicción. Concluyó que la notificación debió realizarse dentro del término de treinta (30) días.

A solicitud de Méndez Cabrera, revisamos.

## II

■ Esta controversia exige una breve evaluación, integral y armoniosa, de los principios relativos al trámite apelativo contenido en la *Ley de Procedimiento Administrativo Uniforme*, Ley Núm. 170 de 12 de agosto de 1988, según enmendada por la Ley Núm. 43 de 5 de agosto de 1989 (3 L.P.R.A. sec. 2172).

Antes de su aprobación, la cuestión estaba regulada por las *Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior*, 4 L.P.R.A. Ap. VIII-A. A tal efecto, la Regla 7(b) prescribía que "[l]a notificación se hará personalmente o por correo certificado con acuse de recibo *no más tarde de dos días laborables después de presentada la solicitud de revisión*". (Énfasis suplido.)

Esta disposición, sin lugar a dudas, no exigía que la notificación se hiciera *dentro* del término de treinta (30) días. Sin embargo, la Ley de Procedimiento Administrativo Uniforme no

mantuvo ese enfoque. Por el contrario, en la Sec. 4.2 dispuso expresamente que "[l]a parte *notificará* la presentación de la solicitud de revisión a la agencia *y a todas las partes dentro del término para solicitar dicha revisión*. La notificación podrá hacerse por correo".[1] (Énfasis suplido.) 3 L.P.R.A. sec. 2172.

■ Este lenguaje recoge la intención clara del legislador de que el recurso de revisión se *perfeccione* dentro del término de treinta (30) días. Es un fuerte indicador de que la notificación debe hacerse también dentro de ese término y que estamos propiamente ante un requisito de carácter *jurisdiccional*. En ese sentido, "dicha sección aparentemente establece un recurso de revisión uniforme, dándole facultad al Tribunal Superior para revisar a todas las agencias cubiertas por la ley, excepto aquellas que son revisadas directamente por el Tribunal Supremo. Para dichas agencias habrá ahora por primera vez un recurso en común, con un plazo uniforme y *con requisitos de notificación uniformes*, evitando así la confusión y diversidad que existían bajo el estado de derecho anterior." (Énfasis suplido y nota omitida.) A.G. Hermida, *La Ley de Procedimiento Administrativo Uniforme de 1988 y las Reglas para la Revisión Judicial de 1989: algunos aspectos de especial interés para los jueces*, Año 5 (Núm. 2) Forum 20 (1989).

■ Concluir lo contrario desvirtuaría uno de los propósitos cardinales de la nueva ley. No podemos perder de perspectiva que el procedimiento de revisión de una decisión administrativa forma parte de un trámite apelativo cuyo diseño responde al principio constitucional mayor de acceso a los tribunales. *López v. Muñoz, Gobernador*, 80 D.P.R. 4, 8 (1957); *Rivera v. Benítez, Rector*, 73 D.P.R. 377, 381–382 (1952).

La presente decisión es compatible con la norma establecida en el ámbito de la revisión de decisiones judiciales. Reiterada-

---

[1] En la Resolución de 2 de febrero de 1989, *Reglas Proc. Rev. Decs. Adms. T. Superior*, 123 D.P.R. 304 (1989), reafirmamos en la Regla 7(b) que la notificación habrá de hacerse *dentro* del término. La Regla 6(b) dispuso que el escrito de revisión contendría una certificación indicativa de la fecha en que se hizo la notificación.

mente hemos sostenido que la falta de notificación a una parte dentro del *término* priva de jurisdicción al tribunal para entender en los méritos del recurso.[2]

Por los fundamentos expuestos, *se dictará sentencia confirmatoria.*

---

[2]  Véase *Ortiz Rivera v. Agostini,* 93 D.P.R. 221, 225 (1966), donde concluimos que no teníamos jurisdicción para revisar una sentencia del Tribunal Superior por no cumplirse con la notificación. En cuanto al trámite apelativo del Tribunal de Distrito al Tribunal Superior, véase nuestra opinión en *González Santos v. Bourns P.R., Inc.,* 125 D.P.R. 48 (1989), donde sostuvimos el carácter jurisdiccional de la notificación a otra parte.