En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Hermenegildo Ortiz Quiñones<br>　　　Peticionario<br><br>　　　V.<br><br>A.R.P.E.<br><br>Parroquia Sagrados Corazones<br><br>Juan J. Hernández López de Victoria<br><br>Los Vecinos de Mallorca, Parkville Este<br>y San Ramón p/c Blanca I. Pagán | Certiorari<br><br>98TSPR130 |

Número del Caso: CC-97-709

Abogado de Hermenegildo Ortiz Quiñones
y Juan J. Hernández López de Victoria:　Lcdo. Daniel Martínez Oquendo

Abogada de P. Sagrados Corazones:　　　Lcda. Carmen I. Chiqués
　　　　　　　　　　　　　　　　　　Velázquez

Agencia: Junta de Apelaciones Sobre Construcción y Lotificaciones

Tribunal de Circuito de Apelaciones: Circuito Regional I

Panel Integrado por los Honrables:　　Miranda de Hostos
　　　　　　　　　　　　　　　　　　Rodríguez de Oronoz
　　　　　　　　　　　　　　　　　　Giménez Muñoz

Fecha: 10/9/1998

Materia: Oposición a Autorización de Construcción

　　　Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hermenegildo Ortiz Quiñones
     Recurrido-Peticionario
         v.
Administración de Reglamentos
 y Permisos
     Apelada

Parroquia Sagrados Corazones
     Recurrente-Recurrida        CC-97-709     Certiorari

Juan J. Hernández López
 de Victoria
     Recurrido-Peticionario

Los Vecinos de Mallorca,
 Parkville Este y San
 Ramón p/c Blanca I. Pagán
     Interventores-Recurridos

Opinión del Tribunal emitida por el Juez Presidente señor ANDRÉU GARCÍA

San Juan, Puerto Rico, a 9 de octubre de 1998

Nos corresponde resolver hoy si la notificación de un recurso de revisión de una decisión administrativa enviada oportunamente por correo certificado con acuse de recibo a una dirección incorrecta es eficaz.

I

La recurrida Parroquia Sagrados Corazones acudió ante el Tribunal de Circuito de Apelaciones para revisar una determinación de la Junta de Apelaciones sobre Construcciones y Lotificaciones. Presentó su recurso el 29 de septiembre de 1997, el último día del término que establece la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. § 2172 (Supl. 1997) (en lo sucesivo, la "LPAU") para

solicitar la revisión de las decisiones administrativas. En esa misma fecha la recurrida notificó a las demás partes, enviándoles el escrito inicial de revisión por correo certificado con acuse de recibo. El 2 de octubre de 1997, sin embargo, la abogada de la recurrida recibió devuelto el documento enviado al peticionario Hermenegildo Ortiz Quiñones, con una indicación de que la dirección del destinatario era incorrecta[1]. Ese mismo día la abogada de la recurrida entregó personalmente el documento en la oficina del abogado del peticionario.

Ante estas circunstancias, el peticionario solicitó la desestimación del recurso, argumentando que no se había perfeccionado. El Tribunal de Circuito se negó a desestimar por considerar que la recurrida había demostrado un "verdadero interés... en cumplir con el requisito de notificación del recurso". Resolución de 23 de octubre de 1997, en la pág. 2. A solicitud de los peticionarios Hermenegildo Ortiz Quiñones y Juan J. Hernández López de Victoria le ordenamos a la recurrida mostrar causa por la cual no debíamos revocar la determinación del Tribunal de Circuito.


II

La sección 4.2 de la LPAU establece un término de treinta días contados a partir de la fecha del archivo en autos de copia de la notificación de una orden o resolución final administrativa para presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones. La parte peticionaria tiene la obligación de notificar la presentación de su solicitud a la agencia y a todas las partes dentro del término para solicitar la revisión. Véase, 3 L.P.R.A. § 2172

---

[1] El sobre usado tenía una anotación de la oficina del servicio postal federal que indicaba: "Return to sender: no such number". El error radicó en la confusión del número de la oficina del abogado del peticionario Hermenegildo Ortiz Quiñones. En vez de consignar "Ave. Jesús T. Piñero # 1111" en el sobre, la recurrida consignó "Ave. Jesús T. Piñero # 111".

(Supl. 1997)[2]. En <u>Méndez v. Corp. Quintas San Luis</u>, 127 D.P.R. 635, 637 (1991), resolvimos que tanto la presentación como la notificación del recurso de revisión a las partes, dentro del término de treinta días que dispone la sección 4.2 de la LPAU, son requisitos jurisdiccionales. La presentación o la notificación hechas fuera del término, por lo tanto, privan de jurisdicción al tribunal para entender en los méritos del recurso.

La Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones precisa que la notificación del recurso revisión se puede hacer mediante envío por correo certificado con acuse de recibo, o mediante un servicio similar de entrega personal con acuse de recibo por parte de una empresa privada. Esta regla establece, además, que cuando la notificación se hace por correo "la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes". <u>Véase</u>, 4 L.P.R.A. ap. XXII-A, R.58(B) (Supl. 1997).

III

En este caso, la recurrida se ampara en la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones para argumentar que cumplió con el requisito de notificación. Sostiene que depositó oportunamente la notificación dirigida al peticionario Hermenegildo Ortiz Quiñones y que, debido a que la fecha del depósito en el correo se considera como la fecha de la notificación a las partes, el recurso fue debidamente perfeccionado.

El error en este argumento radica en la presunción de que <u>cualquier</u> notificación por correo dentro del término es suficiente para perfeccionar el recurso. La eficacia de la notificación, sin embargo, depende de que ésta se haya hecho bien y, para ello, el escrito de revisión se tiene que enviar no a cualquier dirección, sino, obviamente, a la dirección <u>correcta</u>.

_____

[2] <u>Véase, además</u>, Plan de Reorganización Núm. 1 de 28 de julio de 1994, art. 4.002(g), conocido como la Ley de la Judicatura de 1994, 4 L.P.R.A. § 22K(g) (Supl. 1997).

El error en este caso respondió ciertamente a la inadvertencia de la persona que consignó la dirección de la oficina del abogado del peticionario Hermenegildo Ortiz Quiñones en el sobre donde se envió el escrito de revisión. Por otro lado, la recurrida demostró efectivamente su buena fe e interés al entregar personalmente el escrito inmediatamente después de que le fue devuelto. Tampoco hay duda de que la diferencia entre la fecha en que el peticionario recibió personalmente el documento y la fecha en que lo hubiera recibido a través del correo es insignificante. No obstante, el carácter jurisdiccional de la notificación en este caso nos obliga a concluir que el recurso de revisión presentado nunca se perfeccionó y, por lo tanto, no tenemos otra alternativa que revocar la resolución del Tribunal de Circuito.

Se dictará sentencia de conformidad con los fundamentos expuestos en esta Opinión.

José A. Andréu García
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hermenegildo Ortiz Quiñones
    Recurrido-Peticionario
       v.
Administración de Reglamentos
 y Permisos
    Apelada

Parroquia Sagrados Corazones
    Recurrente-Recurrida          CC-97-709       Certiorari

Juan J. Hernández López
 de Victoria
    Recurrido-Peticionario

Los Vecinos de Mallorca,
 Parkville Este y San
 Ramón p/c Blanca I. Pagán
    Interventores-Recurridos


SENTENCIA


San Juan, Puerto Rico, a 9 de octubre de 1998


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la Resolución del Tribunal de Circuito de Apelaciones de 23 de octubre de 1997.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita. Juez Asociado señor Negrón García inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo