En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Constructora I. Meléndez, S.E.<br>      Recurrida<br><br>                    V.<br><br>Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico<br><br>Del Valle Group, S.E.<br><br>      Peticionarios | Certiorari<br><br>98TSPR132 |

Número del Caso: CC-97-219 y CC-97-220 Consolidados

Abogados de Autoridad de Carreteras y
Transportación de Puerto Rico:      Lcdo. Luis A. Rivera Cabrera
                                    Lcdo. Raúl Castellanos Malavé

Abogados de Const. I. Meléndez, S.E.:   Lcdo. Fernando Barnés Rosich

Abogados de Del Valle Group, S.E.:   Lcdo. José A. Sánchez Alvarez
                                     Lcdo. Pedro Roldán Carrasquillo

Agencia: Junta de Subastas de la Autoridad de Carreteras

Tribunal de Circuito de Apelaciones:

Panel Integrado por Hons.:           López Vilanova
                                     Cordero
                                     Feliciano de Bonilla

Fecha: 10/14/1998

Materia: Subasta

       Este documento constituye un documento oficial del Tribunal
       Supremo que está sujeto a los cambios y correciones del
       proceso de compilación y publicación oficial de las
       decisiones del Tribunal. Su distribución electrónica se hace
       como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Constructora I. Meléndez, S.E.

    Recurrida

       v.                         CC-97-219
                                    CC-97-220

Junta de Subastas, Autoridad
de Carreteras y Transportación
de Puerto Rico et al

Del Valle Group, Inc.

    Peticionarias

PER CURIAM

San Juan, Puerto Rico, a 14 de octubre de 1998.

La Autoridad de Carreteras y Transportación de Puerto Rico y Del Valle Group, Inc., peticionarias en estos recursos consolidados, solicitan que revoquemos una resolución del Tribunal de Circuito de Apelaciones mediante la cual se denegó una moción de desestimación presentada por la primera, debido a que la recurrida Constructora I. Meléndez, S.E., no notificó a todas las partes en el procedimiento administrativo del recurso de revisión sobre la adjudicación de la subasta.

Por considerar que se cometió el error señalado, revocamos la resolución recurrida y desestimamos el recurso instado ante el Tribunal de Circuito de Apelaciones por falta de jurisdicción de dicho foro.

I

El 9 de octubre de 1996, la peticionaria, Autoridad de Carreteras y Transportación de Puerto Rico (la "Peticionaria" o la "Autoridad") llevó a cabo la subasta 97-40 del proyecto "Extensión Desvío Sur de Guayama", AC-00542. A la subasta comparecieron los siguientes licitadores: Del Valle Group, Inc.; Constructora Santiago; Río Construction; Jusor Corporation;

Las Piedras Construction; Equipos y Constructora RVD; y la recurrida, Constructora I. Meléndez, S.E.

En el transcurso del procedimiento de subasta la licitación de la recurrida fue eliminada debido a deficiencias insubsanables, y se le adjudicó la subasta al licitador responsivo más bajo, Del Valle Group, Inc., también peticionaria ante nos. La recurrida presentó una Moción de Reconsideración ante la Junta de Subastas que fue rechazada de plano.

No conforme con esta determinación, la aquí recurrida acudió en revisión ante el Tribunal de Circuito de Apelaciones el 23 de octubre de 1996. El 14 de noviembre de 1996, la Autoridad presentó una Moción de Desestimación por falta de jurisdicción, toda vez que la recurrida no notificó el recurso de revisión a las demás partes licitadoras en el proceso administrativo.

El 10 de diciembre de 1996, el Tribunal de Circuito de Apelaciones proveyó no ha lugar a dicha moción de desestimación y el 15 de enero de 1997 proveyó no ha lugar a otra moción en la cual se reiteraba la solicitud de desestimación. El 17 de enero de 1997, la Autoridad presentó Moción de Reconsideración la cual fue declarada no ha lugar mediante resolución dictada el 13 de marzo de 1997.

Inconforme con esta determinación, la Autoridad presentó solicitud de *certiorari* ante este Tribunal el 25 de abril de 1997. Asimismo, la licitadora agraciada, Del Valle Group, Inc., compareció mediante recurso de *certiorari* ante nos el 28 de abril de 1997.

Ambas partes formularon el mismo señalamiento de error; esto es, que erró el Tribunal de Circuito de Apelaciones al no desestimar el recurso de la constructora recurrida por no notificar el mismo a todas las partes en el proceso administrativo[1].

---

[1] En el señalamiento de error planteado en la petición de *certiorari* Núm. CC-97-219, la Autoridad sostiene que:

"Erró el Tribunal de Circuito de Apelaciones al negarse a desestimar el recurso de revisión judicial de decisión administrativa presentado por la recurrida sin haber cumplido con el trámite jurisdiccional de notificar a todas

Así las cosas, el 30 de mayo de 1997, expedimos el auto solicitado y consolidamos los recursos a los fines de revisar las resoluciones en cuestión. Habiendo comparecido todas las partes, estamos dispuestos a resolver.

II

La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.,* (en adelante L.P.A.U.) establece un cuerpo de reglas aplicables a todos los procedimientos administrativos conducidos ante las agencias que no hayan sido exceptuadas por la ley. Véase 3 L.P.R.A. sec. 2103. Dicha ley tiene como objeto la implantación de la uniformidad en la administración pública. *Pagán v. Fondo de Seguro del Estado.* Op. de 31 de enero de 1993, 129 D.P.R. ___ (1993), 93 J.T.S. 13; *Asociación de Residentes de Parque Montebello v. Montebello Development,* Op. de 2 de mayo de 1995, 138 D.P.R. ___ (1995), 95 J.T.S. 54.

En materia de adjudicación de subastas, la sec. 3.9 de la L.P.A.U., *supra,* dispone que los procedimientos serán informales y su reglamentación y términos serán establecidos por las agencias. 3 L.P.R.A. sec. 2169.

A tenor con lo anterior, el Art. XI del Reglamento de la Autoridad de Carreteras reza de la siguiente manera:

> "Artículo XI- Revisión de las Determinaciones
>
> **A.**     Solicitud de Reconsideración
>
>> Cualquier Licitador afectado adversamente por una decisión de la Autoridad en relación con el proceso de selección y adjudicación expresado en este Reglamento podrá, dentro de los primeros diez (10) días siguientes a la notificación de la decisión,

---

> las partes en el procedimiento administrativo, esto es, los licitadores que comparecieron a la subasta."

Por otro lado, Del Valle Group, Inc. planteó el siguiente señalamiento en el recurso Núm. CC-97-220:

> "Erró el Honorable Tribunal de Circuito de Apelaciones al no desestimar la presente revisión administrativa por falta de jurisdicción ya que la recurrida no notificó el recurso a los licitadores no agraciados quienes son parte en el proceso de impugnación de subasta."

presentar por escrito una solicitud de reconsideración al Director.

**B.** Disposición de solicitudes de Reconsideración

Las solicitudes de reconsideración y la disposición de las mismas se regirán por la sección 3.19 de la Ley 170 del 12 de agosto de 1988 [3 L.P.R.A. sec. 2169], según enmendada.

**C.** Revisión Judicial

La revisión judicial de las determinaciones de la Autoridad en torno a una solicitud de reconsideración se regirán por el Subcapítulo 4 de la Ley 170 del 12 de agosto de 1988 [3 L.P.R.A. secs. 4.1 *et seq.*], según enmendada.

Según dispone el precitado Art. XI del Reglamento de la Autoridad, la revisión judicial se llevará a cabo de acuerdo a las normas contempladas por la Ley de Procedimiento Administrativo Uniforme, *supra,* 3 L.P.R.A. secs. 4.1 *et seq.* En este sentido, la sec. 4.2 de la L.P.A.U*., supra,* establece en su parte pertinente que la solicitud de revisión de una adjudicación de subasta deberá ser presentada por la parte adversamente afectada ante el Tribunal de Circuito de Apelaciones dentro de un término de diez (10) días a partir del archivo en autos de la notificación de la orden o resolución final de la agencia. Esta misma sección le impone a la parte que acude en revisión, el deber de notificar la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar la revisión. 3 L.P.R.A. sec. 2172. (Supl. 1997).

Igualmente la Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones 4 L.P.R.A. Ap. XXII-A, R.58 (Supl. 1997) dispone diáfanamente sobre la notificación que:

(B) La parte notificará el escrito inicial de revisión a los abogados de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al(a la) funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso. [...]

Esta notificación a las partes es de carácter **jurisdiccional** y debe hacerse a la agencia **y a todas las partes en el procedimiento administrativo dentro del término para solicitar la revisión judicial**. En

numerosas ocasiones hemos dicho que el incumplimiento con lo anterior priva de jurisdicción al Tribunal para entender en los méritos del recurso de revisión. *Olmeda Díaz v. Depto. de Justicia*, Op. de 27 de junio de 1997, 143 D.P.R. (1997) 97 J.T.S. 105; *Méndez v. Corp. Quintas de San Luis*, 127 D.P.R. 635, 638 (1991).[2]

Ahora bien, ¿son partes los licitadores infructuosos en la subasta a los fines de la sec. 4.2 de la L.P.A.U., *supra,* y la Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, *supra?* Veamos.

La sec. 1.3 (j) de la L.P.A.U., *supra,* ofrece un concepto abarcador de lo que constituye una "parte" en un procedimiento administrativo:

> "[T]oda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento." 3 L.P.R.A. sec. 2102(j).

En este sentido, es muy ilustrativo el comentario a la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, *supra,* al señalar que

---

[2]  A modo de ilustración, el concepto de lo que constituye una parte en el ámbito del derecho procesal civil fue ampliado, a raíz de las enmiendas de 1979, las cuales eliminaron el término de partes "contrarias" o "afectadas" y lo sustituyeron simplemente por el de "partes". Este cambio evidentemente denota la intención de conferirle una interpretación amplia y flexible a la definición del término parte. Véase *Wright and Miller, Federal Practice and Procedure,* Civil 2d, sec. 1142.

En este sentido, el profesor Cuevas Segarra, comentando sobre el deber de notificación a las partes que dimana de las disposiciones de las Reglas de Procedimiento Civil ha

...continúa

...continuación
señalado lo siguiente:

> "Las Reglas de Procedimiento Civil de 1979 incorporaron un requisito aún más estricto al eliminar el requisito de notificar a las partes contrarias y exigiendo en la Regla 53.3 de Procedimiento Civil que la solicitud de revisión se le notifique a todas las partes independientemente de si son o no contrarias. Si aún bajo la vigencia del requisito de notificación de partes `contrarias o afectadas' se exigió la notificación al rebelde que nunca compareció, menos aún pude soslayarse ese elemento indispensable bajo un criterio legislativo más riguroso. El legislador no acostumbra hacer cosas vacuas. El legislador no escribe cosas redundantes ni cosas inútiles. **Cuando se exigió notificación a todas las partes, así debe aplicarse.**" (Enfasis suplido). José A. Cuevas

la notificación del recurso de revisión debe ser hecha a todas las partes así reconocidas en "la disposición final administrativa de que se trate". 4 L.P.R.A. Ap. XXII-A, R. 58 (Supl. 1997). Por ello, se le debe de prestar particular atención al contenido de la disposición final administrativa, como un factor importante, a la hora de determinar si una persona, natural o jurídica, es "parte" en un procedimiento administrativo a los fines de notificarle el recurso de revisión judicial.

En un procedimiento de subasta, la determinación de quién debe ser considerado una parte es algo relativamente sencillo en comparación a otros trámites administrativos que pueden presentar mayor dificultad para catalogar la condición de "parte" de una persona que ha comparecido ante una agencia administrativa.

Ciertamente, todo licitador comparece a la subasta en igualdad de condiciones y con las mismas expectativas de prevalecer, siendo incuestionable su condición de parte en el proceso administrativo. Una vez adjudicado el proyecto, los licitadores infructuosos pueden impugnar el resultado de la subasta utilizando el mecanismo de revisión judicial. Véase L.P.A.U., *supra,* 3 L.P.R.A. sec. 2172. Dependiendo de la naturaleza de la solicitud de revisión y de lo que disponga el Reglamento de la agencia, los demás licitadores que no pudieron o no quisieron cuestionar la adjudicación de la subasta podrían conservar un interés real en el resultado de la revisión. Véase L.P.A.U., *supra,* 3 L.P.R.A. sec. 2169. Ello requiere que se notifique copia del recurso de revisión a todos los licitadores que comparecieron a la misma.

Aplicando lo anterior al caso de autos, surge del expediente que en la notificación de la adjudicación de la subasta a favor de la peticionaria, Del Valle Group, Inc., se incluyó a todos los licitadores infructuosos. Estos gozaron del derecho a solicitar la reconsideración de la determinación administrativa, el cual les fue reconocido en dicha notificación.

---

Segarra, *Práctica Procesal Puertorriqueña* – Procedimiento Civil, pág. 304-05.

Además, los licitadores infructuosos también gozaban de un interés indubitado en el resultado del recurso de revisión instado ante el Tribunal de Circuito de Apelaciones, toda vez que de acuerdo al Reglamento de la Autoridad, ésta puede, en caso de incumplimiento del licitador agraciado:

1. adjudicar la subasta al siguiente licitador más bajo;

2. anular la subasta y celebrar una nueva;

3. negociar directamente en mercado abierto o;

4. realizar la obra por administración, de ser un proyecto la obra objeto de la subasta.[3]

A la luz de lo anterior, es claro que los licitadores infructuosos en el proceso de subasta son partes para los efectos de la revisión judicial de la determinación administrativa. Consecuentemente, la falta de notificación del recurso de revisión a dichos licitadores privó de jurisdicción al foro apelativo. Por ello, erró el Tribunal de Circuito de Apelaciones al denegar la Moción de Desestimación presentada por la peticionaria Autoridad de Carreteras.

Por los fundamentos antes expuestos, se revocan las resoluciones recurridas y se desestima el recurso instado en el caso de epígrafe por falta de jurisdicción.

Se dictará sentencia de conformidad.


EN EL TRIBUNAL SUPREMO DE PUERTO RICO



Constructora I. Meléndez, S.E.

    Recurrida
       v.
                    CC-97-219

---

[3] Véase Art. X(E) del Reglamento de la Autoridad.

Junta de Subastas, Autoridad        CC-97-220
de Carreteras y Transportación
de Puerto Rico et al


Del Valle Group, Inc.

        Peticionarias


                        SENTENCIA


        San Juan, Puerto Rico, a 14 de octubre de 1998.

        De conformidad con la opinión Per Curiam que antecede y que
        se hace formar parte de esta sentencia, se revocan las
        resoluciones recurridas y se desestima el recurso instado
        ante el Tribunal de Circuito de Apelaciones por falta de
        jurisdicción.

        Lo pronunció, manda el Tribunal y certifica la Secretaria
        del Tribunal Supremo. El Juez Asociado señor Fuster
        Berlingeri disiente sin opinión escrita.


                        Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo