TEXTO COMPLETO DE LA RESOLUCION
El recurrente, Carlos M. Morales Lebrón, se encuentra confinado bajo la custodia de la recurrida, la Administración de Corrección, desde el 4 de abril de 1994, cumpliendo sentencias impuestas por varios delitos. Comparece pro se y solicita la revisión de una resolución emitida el 15 de agosto de 2000 por el Comité de Clasificación y Tratamiento del Centro Correccional de Ponce Adultos, en adelante, Comité.
Mediante el referido dictamen, el Comité ratificó la custodia mediana a la que se halla sometido el recurrente, Carlos Morales. Según surge del expediente, éste fue recomendado para una custodia mínima por la técnica de clasificación. No obstante, el Comité, en la revisión de dicha recomendación, denegó el cambio en nivel de custodia, toda vez que el confinado cumplía un término de treinta y dos (32) años por un delito de severidad extrema y revocación de la libertad a prueba por la comisión de un nuevo delito, siendo declarado reincidente por el tribunal.
El 26 de mayo de 2000, el recurrente, Carlos Morales, presentó apelación de dicha determinación, la cual fue denegada el 13 de julio de 2000.
Insatisfecho con la determinación de la agencia, recurre ante este Tribunal.
II
En su recurso, Carlos Morales alega que es acreedor a la reclasificación de su custodia de una mediana a una mínima. Este Tribunal no percibe, sin embargo, abuso alguno de discreción por parte de la agencia. Nos explicamos.
La responsabilidad de determinar bajo cuál custodia se clasifica un confinado, recae en el Comité, organismo que evalúa cada caso según unos parámetros establecidos para determinar el plan de acción a tomar. Cabe indicar que los grados de custodia están enmarcados dentro de los objetivos de rehabilitación y seguridad pública dispuestos, tanto en la Constitución como en la Ley Núm. 116 de 22 de julio de 1974, según enmendada, conocida como Ley de la Administración de Corrección, 4 L.P.R.A. see. 1121.
Aun siendo parte de los objetivos rehabilitadores que guían nuestro sistema correccional, la reclasificación automática de un confinado en una custodia inferior, es un privilegio que propende estimular su rehabilitación con miras a una futura reinserción en la sociedad y no pueden interpretarse como un derecho adquirido de todo confinado. No obstante, el Comité viene obligado a evaluar cada caso periódicamente con el fin de supervisar el esperado progreso alcanzado por los confinados en su rehabilitación.
*812 Por otra parte, los niveles de custodia establecidos en el Manual de Clasificación, Reglamento Núm. 6067 de 22 de enero de 2000, conllevan una escala de privilegios y beneficios a los que puede aspirar un confinado en las instituciones correccionales de Puerto Rico. Las evaluaciones periódicas que realiza el Comité referente a la clasificación de custodia de los confinados, le permiten, por lo tanto, aspirar a obtener más privilegios y libertades. Un cambio del nivel de custodia presupone cambios en las condiciones de confinamiento y alteración en privilegios y derechos.
A tales fines, la custodia mínima implica el grado máximo de privilegios concedidos al confinado que se halla privado de su libertad, en su proceso de rehabilitación. Estos confinados son elegibles para habitar en viviendas de menor seguridad y pueden trabajar fuera del perímetro con un mínimo de supervisión. Asimismo, son elegibles para los programas de trabajo y actividades en la comunidad, compatibles con los requisitos normativos de la Administración de Corrección. Los confinados en custodia mínima pueden hacer viajes de rutina o de emergencia fuera de la institución sin escolta, cuando tengan un pase' autorizado, y pueden ser escoltados sin implementos de restricción .
Este tribunal, en ocasiones anteriores, ha dictaminado que es natural que, cuando un confinado no ha cualificado originalmente para la custodia mínima, los privilegios asociados a la misma no le sean concedidos de inmediato al reevaluarse su clasificación, sino que se le requiera ganarse dicho privilegio al mantener un patrón de buena conducta por un período de tiempo que sea proporcional a su condena. De otro modo, la Administración de Corrección no contaría con lo que puede ser un poderoso incentivo para lograr un cambio rehabilitador en los confinados.
Entendemos que la severidad de la pena, así como la violación de la libertad bajo palabra, son factores que la Administración de Corrección puede razonablemente tomar en consideración al fijar el nivel de custodia de un confinado. El Manual de Clasificación, supra, establece como modificaciones discrecionales para un nivel de custodia más alto, la gravedad del delito, historial de violencia excesiva, afiliación prominente con gangas, problema de difícil manejo, riesgo de fuga, si la fecha de elegibilidad del confinado para libertad bajo palabra está a más de cinco (5) años de la fecha de clasificación y cualquier otro atributo relacionado con el confinado que justifique una modificación a un nivel de custodia más alto.
En el presente caso, la Administración de Corrección denegó la reclasificación del recurrente, Carlos Morales, considerando que éste le fue revocada su libertad a prueba por la comisión de un nuevo delito y fue declarado reincidente por el tribunal. Carecemos de elementos para sustituir dicho juicio, el que no nos parece irrazonable de su faz. La facultad de revisión de este tribunal en el campo administrativo, es limitada. Según la doctrina establecida por el Tribunal Supremo de Puerto Rico, las decisiones de los organismos administrativos especializados merecen gran deferencia, presumiéndose su corrección. La revisión judicial en estos casos, se circunscribe a determinar si la agencia actúo arbitraria, ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción. Municipio de San Juan v. Junta de Calidad Ambiental, 149 D.P.R. _ (1999), 99 J.T.S. 152, a la pág. 125; Misión Industrial de Puerto Rico v. Junta de Planificación de Puerto Rico, 146 D.P.R. _ (1998), 98 J.T.S. 79, a la pág. 1,161; Reyes Salcedo v. Policía de Puerto Rico, 143 D.P.R. _ (1997), 97 J.T.S. 58, a la pág. 959; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1975); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
En el caso de autos, según indicado, la denegatoria de la agencia no fue caprichosa. No podemos perder de perspectiva la naturaleza grave de los delitos del recurrente. En 1994, Carlos Morales comenzó a cumplir una sentencia por asesinato en segundo grado. Surge de los documentos que obran en el expediente que se le concedió una libertad a prueba, la cual fue revocada por la comisión de este delito. Entendemos que al recurrente se le otorgó una oportunidad al concedérsele la libertad a prueba y no hizo buen uso de ella cometiendo un nuevo delito de naturaleza grave. Ello, a nuestro entender, refleja que el recurrente no pudo realizar los ajustes institucionales necesarios para hacer vida en la libre comunidad. Entendemos que no es irrazonable que la Administración de Corrección ausculte con cuidado los cambios de custodia del recurrente, *813 Carlos Morales.
La norma es que los tribunales apelativos no intervendrán con las determinaciones de hechos formuladas por una agencia administrativa si las mismas están sostenidas por evidencia sustancial que suija del expediente administrativo. Asociación de Vecinos del Hospital San Jorge v. United Medical Corporation, 150 D.P.R. _ (2000), 2000 J.T.S. 21, a las págs. 560-61; Domínguez Talavera v. Caguas Expressway Motors, 148 D.P.R. _ (1999), 99 J.T.S. 85, a la págs. 1,067-68; T-JAC, Inc. (Wal-mart Caguas) v. Caguas Centrum Limited Partership, S.E., 148 D.P.R. _ (1999), 99 J.T.S. 60, a la pág. 884; Associated Insurance Agencies, Inc. v. Comisionado de Seguros de Puerto Rico, 144 D.P.R. _ (1997), 97 J.T.S. 142, a la pág. 332.
Por otro lado, plantea el recurrente, Carlos Morales, en su recurso, que es acreedor de una bonificación especial. A tales efectos, sometió una queja al Comité de Quejas y Agravios de la Administración de Corrección, la cual al momento de presentar su recurso ante este foro no ha sido atendida. En este caso, la solicitud de revisión debe presentarse ante este tribunal, luego de que la parte afectada haya agotado todos los remedios provistos por la agencia o por el organismo apelativo correspondiente dentro de un término de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, o en la forma dispuesta por la Sec. 3.15 de la Ley Núm. 170 de 12 de agosto de 19988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico", 3 L.P.R.A. see. 2165, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. Véase See. 4.2 de la Ley Núm. 170, supra, sec. 2172; Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, 127 D.P.R. 635, 637 (1991).
Por los fundamentos que anteceden, se deniega el recurso de revisión solicitado. El Juez Ortiz Carrión emitió voto disidente.
Así lo acordó y manda el Tribunal y lo certifica la señora Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001 DTA 47
1. Véase el recurso de revisión identificado con el número KLRA-00-00557, Juez Brau Ramírez, Juez Ponente.