Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **BETTY A. MULLINS MATOS**<br><br>Recurrido<br><br><br>v.<br><br><br>**RUBEN D. DAVILA TORRES H/N/C TECHOS RUBEN**<br><br>Recurrente | KLRA202400209 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Asuntos del Consumidor<br><br>CASO: **SAN 2023-0013523**<br><br><br>Sobre: **Ley Núm. 5 de 23 de abril de 1973, según enmendada** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece ante nos por derecho propio, Rubén D. Dávila Torres, en adelante, Dávila Torres o recurrente, solicitando que revisemos la *"Resolución"* del Departamento de Asuntos del Consumidor, en adelante, DACo, del 28 de febrero de 2024.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de autos.

### I.

El 27 de mayo de 2022, Dávila Torres y Betty Mullins Matos, en adelante, Mullins Matos o recurrida, configuraron un contrato de servicios para sellado de techo.[1] En el contrato, Techos Rubén, el negocio comercial para este tipo de servicios de Dávila Torres, se comprometió a ofrecer servicios de limpieza, aplicación de *"primer"*

---
[1] Apéndice del recurso, pág. 12.

e instalación de membrana.[2] El precio pactado fue de $6,240.00, cuya mitad fue adelantada al momento de firmar el contrato.[3]

Según la querella que obra en autos, el servicio pactado fue realizado durante la primera semana de junio.[4] Además, conforme a los documentos que obran en el expediente, el 3 de junio de 2022, se emitió un segundo pago a favor de Techos Rubén, con la cantidad del saldo adeudado de $3,120.00.[5]

Posteriormente, el 7 de marzo de 2023, Mullins Matos presentó una querella contra Dávila Torres ante el DACo.[6] En su reclamo, Mullins Matos alegó que el recurrente no realizó el trabajo correctamente y no siguió el protocolo que el producto utilizado, marca Danosa, exigía.[7] Por estas alegaciones, demandó la devolución de su dinero.[8]

El 11 de julio de 2023 se llevó a cabo una inspección en la que estuvieron presentes las partes y un Inspector del DACo.[9] Del mismo surge que el recurrente y la recurrida no llegaron a un acuerdo. Por lo tanto, el 1 de septiembre de 2023, el DACo remitió una "Notificación de Informe de Inspección", por virtud de la cual le concedió quince (15) días a las partes para presentar por escrito sus objeciones al informe de inspección.[10]

Según se desprende del recurso de revisión de epígrafe, se celebró una vista administrativa. El 28 de febrero de 2024, el DACo emitió una "Resolución" en la que declaró con lugar la querella de Mullins Matos.[11] Posteriormente, el recurrente solicitó una

---

[2] Apéndice del recurso, pág. 12.
[3] *Id.* págs. 12 y 14.
[4] *Id.* pág. 31.
[5] *Id.* pág. 15.
[6] *Id.* pág. 30.
[7] *Id.* pág. 31.
[8] *Id.*
[9] *Id.* págs. 22-23.
[10] *Id.* pág. 20.
[11] *Id.* pág. 33. Hacemos constar que no obra en autos copia de la *"Resolución"* recurrida. Sin embargo, de la *"Resolución en Reconsideración"*, surge la fecha y la determinación del DACo con relación al dictamen recurrido.

reconsideración por el DACo, la cual fue declarada "No Ha Lugar" el 27 de marzo de 2024.[12]

Inconforme, Dávila Torres presentó ante esta Curia un recurso de revisión judicial el día 24 de abril de 2024. Mediante "Resolución" del 30 de abril de 2024, este Tribunal le concedió al recurrente hasta el 9 de mayo de 2024 para evidenciar el cumplimiento con lo dispuesto en la Regla 58 del Reglamento del Tribunal de Apelaciones, en adelante, Reglamento, 4 LPRA Ap. XXII-B, R. 58. Además, se le concedió a la parte recurrida hasta el 24 de mayo de 2024 para presentar su posición en cuanto al recurso, conforme dispone la Regla 63 del Reglamento, supra.

El 24 de abril de 2024, la recurrida compareció mediante un *"Alegato en Oposición a Recurso de Revisión"*. Ese mismo día, el recurrente presentó un escrito intitulado *"Petición de Reconsideración"*.

## II.

### A. Jurisdicción

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta Subastas ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen

---

[12] Apéndice del recurso, pág. 33. Hacemos constar que no obra en autos copia de la moción de reconsideración presentada por el recurrente ante el DACo. Sin embargo, de la *"Resolución en Reconsideración"*, surge que Dávila Torres presentó una *"Solicitud de Reconsideración"*.

discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio.* Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada regla dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> ***(1) que el Tribunal de Apelaciones carece de jurisdicción;***
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
> (Énfasis nuestro).

### B. Revisión de Agencias Administrativas

El Tribunal de Apelaciones ostenta la facultad de revisar, como cuestión de derecho, las decisiones promovidas por las agencias administrativas, en conformidad con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9676. Sin embargo, el derecho a la revisión judicial no puede coartar la responsabilidad de que estos recursos sean debidamente perfeccionados. Además, el Tribunal Supremo de Puerto Rico ha reiterado que "las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados.

La LPAUG, en su Sección 4.6, dispone que "[e]l procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo". LPAUG, supra, sec. 9676. En el Reglamento de este Tribunal, supra, se recoge la normativa interna que rige los procedimientos y la organización del tribunal apelativo.

Relativo al caso ante nos, la Sección 4.2 de la LPAUG, supra, sec. 9672, establece que "[l]a parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión". Es decir, debe notificar a las partes su recurso, dentro de los treinta (30) días que tiene para

presentar el mismo. *Méndez v. Corp. Quintas San Luis*, 127 DPR 635, 637 (1991). Así también lo dispone la Regla 58(B)(1) del Reglamento, supra.

También, el Reglamento, supra, en su Parte VII, regula, entre otros, lo pertinente a *la notificación* y al cuerpo de un recurso de revisión judicial. Regla 58(A) del Reglamento, supra, establece la forma y manera en la que un recurrente debe notificar a las partes sobre el recurso de revisión judicial. Además, establece que la parte promovente debe hacer constar la notificación, conforme a lo dispuesto en la Regla 13(B) del Reglamento, supra, la cual dispone, en esencia, *que la parte debe acreditar, con prueba documental, la manera y fecha en la que notificó a las partes.*

Además, la Regla 58, en su inciso (B)(4), del Reglamento, supra, reza de la siguiente manera:

> La parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello.
> [...]
> **El término aquí dispuesto será de cumplimiento estricto.**

(Énfasis nuestro).

Ahora bien, los preceptos reglamentarios establecen que dicho requisito de notificación es uno de cumplimiento estricto. Es decir, el mismo no es fatal, por lo que una dilación en la notificación del recurso de revisión puede ser eximida **solamente ante la demostración de una causa justificada**. *Soto Pino v. Uno Radio Group*, supra, en la pág. 93. Deberá entonces la parte que incumple, acreditar mediante alegaciones concretas, la justa causa para la deficiencia incurrida. La notificación incorrecta de un recurso, en ausencia de justa causa, constituye una falta grave que incide sobre su eficacia e impide que este Tribunal pueda adjudicar las

controversias planteadas. Id. Nuestro Máximo Foro ha expresado que, la notificación tiene como propósito el promover "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos de éste". *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 215 (2017), citando a *Lagares v. E.L.A.*, 144 DPR 601, 618 (1997).

Por su parte, la Regla 59(C) del Reglamento, supra, expone que:

> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
>
> [...]
>
> (c) ***Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó,*** la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
>
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
>
> (e) ***Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.***
>
> (f) ***Una discusión de los errores incluyendo las disposiciones de ley y la jurisprudencia aplicables.***
>
> [...]
>
> (Énfasis nuestro).

### III.

Dávila Torres comparece ante esta Curia, solicitando que declaremos sin lugar la petición de devolución de dinero, presentada por Mullins Matos ante el DACo. Sin embargo, vencidos los términos

de estricto cumplimiento y concedidos por este Tribunal, sin que se perfeccione correctamente el recurso que nos ocupa, nos vemos imposibilitados de adjudicar en sus méritos la súplica del recurrente.

En su recurso, Dávila Torres no acreditó la notificación que, tanto la jurisprudencia como el Reglamento, supra, exige se haga constar ante el foro apelativo. Por ello, se le concedió un término para subsanar esta deficiencia. Sin embargo, el recurrente no evidenció dentro del término concedido la notificación a las partes. Tampoco proveyó justa causa para su incumplimiento.

Por otro lado, el recurrente presentó un recurso incompleto y deficiente. En el cuerpo de su petición de revisión judicial, no incluyó señalamientos de error, y naturalmente, tampoco fundamentó en derecho los mismos. Por otro lado, Dávila Torres no anejó a su recurso la determinación de DACo de la cual recurre. Incluyó la reconsideración que solicitó ante la agencia, y la decisión de esta, pero no la decisión administrativa expresada en su contra. En consecución, no estuvimos en posición de evaluar la determinación del DACo, por virtud de la cual se presenta este recurso.

Resulta inescapable proceder con una desestimación, ya que *carecemos de jurisdicción*, por falta de notificación a las partes, y por incumplimientos en el recurso de revisión.

Finalmente, señalamos que "el hecho de que las partes comparezcan por *derecho propio*, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Este tipo de comparecencia tampoco puede justificar que las partes incumplan con términos jurisdiccionales o de cumplimiento estricto. Id.

**IV.**

Por los fundamentos esbozados, *se desestima el recurso ante nos por falta de jurisdicción e incumplir con las disposiciones reglamentarias encaminadas al perfeccionamiento del recurso.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones