ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| EUGENIO CARDONA SANTANA<br><br>Recurrente<br><br>v.<br><br>SUNRUN, INC.<br><br>Recurrido | **KLRA202400680** | *REVISIÓN ADMINISTRATIVA* procedente de DACO<br><br>Caso Núm.: SAN-2024-0018623<br><br>Sobre: Ley Núm. 5 de 23 de abril de 1973 |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece ante este Foro, el Sr. Eugenio Cardona Santana (señor Cardona o "recurrente"), por derecho propio, mediante *Recurso de Revisión Administrativa* presentado el 12 de diciembre de 2024.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

### I.

El 15 de abril de 2024, el señor Cardona presentó una *Querella* en contra Home Power LLC – Home Power Sun Energy, SunRun Inc. y/o SunRun PR Operations LLC, ante el Departamento de Asuntos del Consumidor (DACo), siendo notificada el 23 de abril de 2024.[1] En su reclamo, el recurrente alegó que un representante de Home Power LLC le vendió un equipo de placas solares, el cual incluía una batería y una placa solar por $4,000.00. A su vez, incluyó un sistema de cámaras de seguridad por $1,000.00

---

[1] *Notificación de Querella* y *Querella*, 1-3 y 5-8, del apéndice del recurso.

Número Identificador
SEN2025 _____

adicionales. Añadió que, el día de la instalación de las placas solares, pusieron sobre diez (10) placas, le indicaron que el contrato sería por siete (7) años, y la factura mensual sería de $138.00. No obstante, sostuvo que comenzó a recibir facturas de otra compañía, SunRun Inc. y por distintas mensualidades. Finalmente, arguyó que, la instalación de las placas solares, provocó filtraciones en su techo. Por ello, solicitó estricto cumplimiento del contrato, reparación del techo, instalación adecuada de las placas y/o paneles solares, y un desglose de las facturas.

Según surge del expediente, el 11 de septiembre de 2024, el DACo emitió una *Resolución de Incomparecencia* en la que ordenó el cierre y archivo del caso, sin perjuicio, por falta de interés del señor Cardona.[2]

No obstante, el 27 de septiembre de 2024, el DACo notificó una *Resolución en Reconsideración*, mediante la cual indicó que el 16 de septiembre de 2024, el recurrente presentó una reconsideración, la cual fue declarada *Ha Lugar*. Por consiguiente, dejó sin efecto la *Resolución* del 11 de septiembre de 2024 y citó a las partes a una vista de mediación.

El 29 de octubre de 2024, el señor Cardona presentó una *Reconsideración*.[3] Sin embargo, del expediente no surge la *Resolución* sobre la cual el recurrente presentó dicha moción.

Posteriormente, el 12 de diciembre de 2024, el recurrente presentó ante este Foro un recurso de revisión administrativa.

---

[2] *Resolución de Incomparecencia*, págs. 16-17 del apéndice del recurso.
[3] *Reconsideración*, pág. 4 del apéndice del recurso.

El 22 de enero de 2025, este Foro emitió una *Resolución*, en la cual, solicitamos al recurrente a que acreditara notificación del recurso al DACo y presentara copia de las mociones y resoluciones presentadas y no incluidas en el apéndice.

Transcurrido el término dispuesto, el señor Cardona no compareció. Por consiguiente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a derecho.

## II.

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta Subastas ASG,* 213 DPR 685 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen." *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012*); SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.

*Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada regla dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
>
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
>
> (5) que el recurso se ha convertido en académico.

**-B-**

El Tribunal de Apelaciones ostenta la facultad de revisar, como cuestión de derecho, las decisiones promovidas por las agencias administrativas, en conformidad con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9676 (LPAU).

Sin embargo, el derecho a la revisión judicial no puede coartar la responsabilidad de que estos recursos sean debidamente perfeccionados. Además, el Tribunal Supremo de Puerto Rico ha reiterado que "las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados.

En la Sección 4.6 de la LPAU, dispone que "[e]l procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo". Secc. 4.6 de la LPAU, *supra*, sec. 9676. En el Reglamento de este Foro, se recoge la normativa interna que rige los procedimientos y la organización del tribunal apelativo.

Relativo al caso ante nos, la Sección 4.2 de la LPAU, *supra*, establece que "[l]a parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión." Es decir, debe notificar a las partes su recurso, dentro de los treinta (30) días que tiene para presentar el mismo. *Méndez v. Corp. Quintas San Luis,* 127 DPR 635, 637 (1991). Véase, además: Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones.

De igual forma, en la Parte VII del Reglamento se regula, entre otros, lo pertinente a la notificación y al cuerpo de un recurso de revisión judicial. Regla 58(A) del Reglamento, *supra*, establece la forma y manera en la que un recurrente debe notificar a las partes sobre el recurso de revisión judicial. Además, dispone que la parte promovente debe hacer constar la notificación, conforme a lo dispuesto en la Regla 13(B) del Reglamento, *supra*, en esencia, establece que la parte debe acreditar, con prueba documental, la manera y fecha en la que notificó a las partes.

Además, la Regla 58, en su inciso (B)(4), del Reglamento, *supra*, dispone lo siguiente "[l]a parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello."

Ahora bien, los preceptos reglamentarios establecen que dicho requisito de notificación es uno de cumplimiento estricto. Es decir, el mismo no es fatal, por lo que una dilación en la notificación del recurso de revisión puede ser eximida solamente ante la demostración de una causa justificada. *Soto Pino v. Uno Radio Group*, supra, pág. 93. Deberá entonces la parte que incumple, acreditar mediante alegaciones concretas, la justa causa para la deficiencia incurrida. La notificación incorrecta de un recurso, en ausencia de justa causa, constituye una falta grave que incide sobre su eficacia e impide que este Tribunal pueda adjudicar las controversias planteadas. *Íd.* Nuestro Máximo Foro ha expresado que, la notificación tiene como propósito el promover "que todas las partes del pleito estén

plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos de éste." *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 215 (2017), citando a *Lagares v. ELA*, 144 DPR 601, 618 (1997).

Por su parte, la Regla 59(C) del Reglamento, *supra*, expone que:

> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
>
> […]
>
> (c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
>
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.
>
> (f) Una discusión de los errores incluyendo las disposiciones de ley y la jurisprudencia aplicables. […]

**III.**

Según reseñamos, el 12 de diciembre de 2024, el señor Cardona acudió ante este Foro mediante un recurso de revisión administrativa, en relación a una *Querella* que presentó ante el DACo. No obstante, debemos recalcar

que es norma firmemente establecida que, como parte del cumplimiento con nuestro Reglamento, *supra*, para poder perfeccionarse un recurso, la parte promovente tiene que cumplir con los requisitos exigidos, entre ellos: la notificación del recurso a la parte contraria, conforme lo dispuesto en la Regla 58(B) de nuestro Reglamento, *supra*, e incluir en el apéndice de su recurso todos los documentos relevantes al asunto planteado.

El recurso ante nuestra consideración adolece de defectos que nos imposibilitan ejercer nuestra función revisora y el perfeccionamiento de este. Ello, aun cuando le otorgamos varias oportunidades al señor Cardona para que cumpliera con lo exigido por nuestro Reglamento, *supra*.[4] Por ello, no estamos en posición de evaluar la determinación del DACo, por virtud de la cual se presenta este recurso.

En vista de lo anterior, resulta forzoso desestimar el presente recurso por falta de jurisdicción.

**IV.**

Por todo lo anterior, **DESESTIMAMOS** el presente recurso ante su falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] El 22 de enero de 2025 emitimos una Resolución en la que le concedimos término para corregir sus deficiencias. Al día hoy el peticionario no ha cumplido con lo solicitado y, por tanto, no ha cumplido con el Reglamento de este Tribunal.