Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **GIL E. RIOS CALERO**<br><br>Parte Recurrente<br><br><br>v.<br><br><br>**JUNTA DE DIRECTORES ADMINISTRACION DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**<br><br>Parte Recurrida | KLRA202500028 | **REVISIÓN ADMINISTRATIVA**<br>Procedente de la Junta de Directores Administración de Compensaciones por Accidentes de Automóviles<br><br><br>ACAA NÚM. **17-132091-01**<br><br><br>Sobre: **Denegatoria de Beneficios por Muerte y Gastos Fúnebres** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos, Gil E. Ríos Calero, en adelante Ríos Calero o recurrente, *por derecho propio*, solicitando que revisemos la "*Resolución*" de la Junta de Directores de Administración de Compensaciones por Accidentes de Automóviles, en adelante, ACAA o recurrido, del 11 de diciembre de 2024. En la misma, el recurrido denegó el pago de los beneficios por muerte y gastos fúnebres solicitados por el recurrente.

Por los fundamentos que expondremos a continuación, *desestimamos* el presente recurso *por falta de jurisdicción.*

### I.

El 22 de septiembre de 2023 la esposa de Ríos Calero, llamada Luz Guevara Ríos, sufrió un accidente de tránsito mientras

manejaba su vehículo, al ser impactada por otro.[1] Como consecuencia del accidente, la perjudicada sufrió lesiones en la cabeza, cuello, espalda alta, pecho y pierna derecha, las cuales fueron atendidas en el Hospital Buen Samaritano, siendo dada de alta el mismo día.[2] Posteriormente, el 6 de octubre de 2023 la perjudicada fue admitida por cinco (5) días en el mismo hospital por dolor abdominal y dificultades respiratorias.[3] El 17 de octubre de 2023 fue hospitalizada nuevamente por dificultades respiratorias.[4] Sin embargo, seis (6) días después, falleció.[5]

El recurrente alega que la condición prexistente de fibrosis pulmonar de su esposa empeoró como resultado directo de las lesiones sufridas en el accidente, provocándole posteriormente la muerte. Por estos hechos, Ríos Calero acudió a la ACAA solicitando el pago del beneficio por muerte y el beneficio por gastos fúnebres, que le ofrece el Artículo 4 (E) y (F) de la Ley Núm. 111 del 14 de agosto de 2020, conocida como la *Ley de Protección Social por Accidentes de Vehículos de Motor,* en adelante, Ley Núm. 111, 9 LPRA sec. 3163. Su solicitud fue denegada por la ACAA el 12 de febrero de 2024.[6] La ACAA determinó que "el apelante no estableció que la muerte fue producida como resultado directo del accidente de automóvil".[7] Al día siguiente, Ríos Calero solicitó una reconsideración. Sin embargo, el 15 de febrero de 2024, la ACAA confirmó su determinación inicial.[8] La ACAA apoyó su conclusión con el "*Certificado de Defunción*" de la perjudicada, el cual indicaba que la causa de muerte había sido la condición de fibrosis pulmonar preexistente.[9]

---

[1] Radicación y Certificación De Reclamaciones.
[2] *Id.*
[3] Anejo Núm. 5 del Recurso de Oposición, pág. 5.
[4] *Id.*
[5] *Id.*
[6] Resolución Final de la Junta de Directores de la ACAA, pág. 2.
[7] *Id.*
[8] *Id.*, pág. 3.
[9] Anejo 2 del Recurso de Oposición.

Previa solicitud del recurrente, el 5 de septiembre de 2024 la ACAA celebró una audiencia pública, en donde ambas partes tuvieron la oportunidad de presentar sus argumentos.[10] El 15 de octubre de 2024, la ACAA emitió su decisión mediante una "*Resolución del Director Ejecutivo, Enmienda Nunc Pro Tunc"*, en la cual se confirmaba la determinación inicial de la ACAA.[11]

El recurrente solicitó la reconsideración, y el 6 de noviembre de 2024, la ACAA declaró *"No Ha Lugar"* a la misma.[12] Adicionalmente, el 13 de noviembre de 2024, Ríos Calero apeló a la Junta de Directores de la ACAA.[13] Unos días más tarde, el 18 de diciembre de 2024, la Junta de Directores de la ACAA notificó su determinación de *"No Ha Lugar"* a la solicitud de apelación, confirmando así la determinación anterior.[14]

Inconforme, el recurrente presentó un recurso de revisión ante esta Curia el 15 de enero de 2025. Este alega que la ACAA erró al negarle el pago de los beneficios por muerte y de gastos fúnebres. De igual forma, el recurrente alega que el accidente sufrido por su esposa fue la causa directa de su muerte, por entender que este contribuyó al empeoramiento de su condición preexistente de fibrosis pulmonar.

Mediante *"Resolución"* del 17 de enero de 2025, este Tribunal le indicó al recurrente que tendría hasta el 23 de enero de 2025 para acreditar su cumplimiento con lo dispuesto en la Regla 58 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58. Además, se le concedió a la parte recurrida hasta el 14 de febrero de 2025 para presentar su posición en cuanto al recurso, conforme dispone la Regla 63 del Reglamento, supra. No obstante, el recurrente *incumplió con lo dispuesto por este Foro.*

---

[10] Resolución Final de la Junta de Directores de la ACAA, pág. 3.
[11] *Id.*
[12] Resolución en Reconsideración del Director Ejecutivo de la ACAA.
[13] Resolución Final de la Junta de Directores de la ACAA, pág. 4
[14] *Id.*, pág. 5.

El 14 de febrero de 2025 la parte recurrida presentó su *"Alegato en Oposición a Apelación Civil y Solicitud de Desestimación"*. En el mismo, nos solicitan la desestimación del recurso administrativo por no haber sido notificados por el recurrente de la presentación del mismo, privando así a este Foro de jurisdicción para adjudicarlo en sus méritos.

Analizado el expediente que obra en autos, procedemos a expresarnos.

**II.**

**A. Jurisdicción**

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *Freire Ruiz de Val y otros v. Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Construction, LLC,* 2024 TSPR 69, 213 DPR ___ (2024); *R & B Power Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y

proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada Regla dispone que este Tribunal, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> ***(1) que el Tribunal de Apelaciones carece de jurisdicción;***
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.

> (Énfasis nuestro).

### B. Revisión de Agencias Administrativas

El Tribunal de Apelaciones ostenta la facultad de revisar, como cuestión de derecho, las decisiones promovidas por las agencias administrativas, en conformidad con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9676. Sin embargo, el derecho a la revisión judicial no puede coartar la responsabilidad de que estos recursos sean debidamente perfeccionados. Además, el Tribunal Supremo de Puerto Rico ha reiterado que "las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados.

La LPAUG, en su Sección 4.6, dispone que "[e]l procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo". LPAUG, supra, sec. 9676. En el Reglamento de este Tribunal, supra, se recoge la normativa interna que rige los procedimientos y la organización del tribunal apelativo.

Relativo al caso ante nos, la Sección 4.2 de la LPAUG, supra, sec. 9672, establece que "[l]a parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión". Es decir, debe notificar a las partes su recurso, dentro de los treinta (30) días que tiene para

presentar el mismo. *Simpson y otros v. Consejo de Titulares,* 2024 TSPR 64, 213 DPR ___ (2024); *Méndez v. Corp. Quintas San Luis,* 127 DPR 635, 637 (1991). Así también lo dispone la Regla 58(B)(1) del Reglamento, supra.

También, el Reglamento, supra, en su Parte VII, regula, entre otros, lo pertinente a *la notificación* y al cuerpo de un recurso de revisión judicial. Regla 58(A) del Reglamento, supra, establece la forma y manera en la que un recurrente debe notificar a las partes sobre el recurso de revisión judicial. Además, establece que la parte promovente debe hacer constar la notificación, conforme a lo dispuesto en la Regla 13(B) del Reglamento, supra, la cual dispone, en esencia, *que la parte debe acreditar, con prueba documental, la manera y fecha en la que notificó a las partes.*

Además, la Regla 58, en su inciso (B)(4), del Reglamento, supra, reza de la siguiente manera:

> La parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello.
> [...]
> **El término aquí dispuesto será de cumplimiento estricto.**

(Énfasis nuestro).

Ahora bien, los preceptos reglamentarios establecen que dicho requisito de notificación es uno de cumplimiento estricto. Es decir, el mismo no es fatal, por lo que una dilación en la notificación del recurso de revisión puede ser eximida **solamente ante la demostración de una causa justificada**. *Soto Pino v. Uno Radio Group,* supra, en la pág. 93. Deberá entonces la parte que incumple, acreditar mediante alegaciones concretas, la justa causa para la deficiencia incurrida. La notificación incorrecta de un recurso, en

ausencia de justa causa, constituye una falta grave que incide sobre su eficacia e impide que este Tribunal pueda adjudicar las controversias planteadas. *Id.* Nuestro Máximo Foro ha expresado que, la notificación tiene como propósito el promover "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos de éste". *Rosario Domínguez et al. v. ELA et al.*, 198 DPR 197, 215 (2017), citando a *Lagares v. E.L.A.*, 144 DPR 601, 618 (1997).

### C. Administración de Compensaciones de Accidentes de Automóviles (ACAA)

La ACAA es una corporación pública creada por la Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 26 de junio de 1968, 9 LPRA ant. sec. 2051 *et seq.* La misma existe en respuesta a "los accidentes que a diario ocurren en nuestras vías de rodaje, así como el correlativo aumento en el número de víctimas involucradas en ellos constituye y siempre ha constituido un motivo de gran preocupación en nuestra jurisdicción, habiéndolo la Asamblea Legislativa categorizado como un verdadero problema social". *Martínez v. A.C.A.A.,* 157 DPR 108, 114 (2002).

Dicha ley fue derogada por la Ley Núm. 111 del 14 de agosto de 2020, supra. Según surge de su exposición de motivos, la nueva ley mantuvo la vigencia de la ACAA, permitiendo que esta pueda "adaptarse a las necesidades actuales, sin abandonar su propósito fundamental de reducir los trágicos efectos sociales y económicos producidos por los accidentes de tránsito sobre los lesionados, su familia y demás dependientes". Al amparo del estatuto en cuestión, la ACAA administra "un sistema de seguro y compensación por accidentes de tránsito, proponiendo la creación de una cubierta básica de beneficios a las víctimas de accidentes de tránsito". Exposición de Motivos, Ley Núm. 111, supra.

Ahora bien, pertinente al caso de marras, la ACAA reconoce a los cónyuges de los lesionados como beneficiarios, en caso de que estos últimos pierdan la vida. Artículo 3, Ley Núm. 111, supra, sec. 3163. De esta manera, el Artículo 4 (E) amplía sobre los "Beneficios por muerte", y señala que estos se pagarán al beneficiario, "siempre que el lesionado muera como consecuencia de las lesiones sufridas dentro de las cincuenta y dos (52) semanas siguientes a la fecha del accidente". Ley Núm. 111, supra, sec. 3164. Consecuente con lo anterior, el Reglamento para la Ley de Protección Social por Accidentes de Automóviles, Reglamento Número 9249, establece exactamente lo mismo en su Regla 19.

Por otro lado, especifica que se le pagarán "[d]iez mil dólares ($10,000.00) a la esposa o esposo, según definidos en esta Ley, del lesionado fallecido". *Id.* Además de beneficiarse de estas cuantías por la muerte de un lesionado, un beneficiario tiene, al amparo del inciso (F) de este mismo artículo, derecho a recibir mil dólares ($1,000.00) por gastos fúnebres.

**III.**

Ríos Calero comparece ante esta Curia, solicitando que revoquemos la denegatoria del pago de beneficios por muerte y gastos fúnebres de la Junta de Directores de la ACAA. Sin embargo, vencidos los términos de estricto cumplimiento concedidos por este Tribunal, sin que se perfeccione correctamente el recurso que nos ocupa, nos vemos imposibilitados de adjudicar en sus méritos la súplica del recurrente.

En su recurso, Ríos Calero no acreditó la notificación que, tanto la jurisprudencia como el Reglamento del Tribunal de Apelaciones, supra, exige se haga constar ante este Foro. Por ser el término de notificación a las partes recurridas uno de estricto cumplimiento, se le concedió al recurrente un término para mostrar

causa que justifique en derecho su incumplimiento. Sin embargo, Ríos Calero no evidenció dentro del término concedido la notificación a las partes, por lo que tampoco justificó la insuficiencia de esta, según le ordenamos.

Por ende, resulta inevitable proceder con una desestimación, ya que *carecemos de jurisdicción,* por falta de notificación a las partes.

Finalmente, señalamos que "el hecho de que las partes comparezcan por *derecho propio,* por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003). Este tipo de comparecencia tampoco puede justificar que las partes incumplan con términos jurisdiccionales o de cumplimiento estricto. *Id.*

## IV.

Por los fundamentos antes expuestos, *desestimamos por falta de jurisdicción* el *"Recurso de Revisión Administrativa"* presentado, por falta de notificación adecuada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones