Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **JESÚS MORENO PÉREZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurridos | KLRA202500200 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. de Querella: **316-24-174**<br><br>Sobre: **Querella de Incidente Disciplinario** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de mayo de 2025.

Comparece ante nos, Jesús Moreno Pérez, en adelante, Moreno Pérez o recurrente, solicitando que revisemos la *"Resolución"* del Departamento de Corrección y Rehabilitación, en adelante, DCR o recurrida, notificada el 17 de enero de 2025. En la misma, el DCR sancionó al recurrente por alegadamente violar el Reglamento Número 9221.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso solicitado.

**I.**

Del recurso y expediente surge que Moreno Pérez se encuentra confinado en la Institución Correccional Guerrero ubicada en el Municipio de Aguadilla. El 18 de septiembre de 2024, un oficial correccional realizó una querella contra el recurrente.[1] En la misma, alegó que mientras realizaba el recuento reglamentario de la

---

[1] "Informe Disciplinario" anejado al recurso.

Número Identificador
SEN2025_____

mañana ese día, se percató que Moreno Pérez estaba obstaculizando la visibilidad del interior de su celda con una sábana.

El 8 de octubre de 2024, el recurrente fue querellado por incumplir con el Código 210 de la Regla 16 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,* Reglamento Número 9221 del 8 de octubre de 2020.[2] Por estos hechos, el recurrente fue citado para una Vista Administrativa el 20 de noviembre de 2024.[3]

Posteriormente, luego de celebrada la Vista Administrativa el 8 de enero de 2025, el 17 de enero del mismo año, la recurrida emitió una *"Resolución"* en la que encontró incurso a Moreno Pérez de lo querellado, y lo sancionó privándolo de varios privilegios.[4] Inconforme, el 20 de enero de 2025, el recurrente solicitó reconsideración.[5] Sin embargo, el 18 de marzo de 2025, la misma fue rechazada de plano, y confirmó la sanción impuesta mediante *"Resolución".*[6]

Así las cosas, el 3 de abril de 2025, el recurrente radicó ante esta Curia un recurso de Revisión Administrativa. En su petitorio, Moreno Pérez desarrolló y argumentó dos señalamientos de error. En el *primero,* arguyó que el oficial que intervino con él durante los hechos del caso no siguió el debido proceso para ello. En el *segundo,* sostuvo que en el informe disciplinario y en la querella existen discrepancias, que inciden en la forma en que, por reglamento, se procesan las querellas.

El 29 de abril de 2025, emitimos una *"Resolución"* en la que ordenamos al recurrente evidenciar el cumplimiento con lo dispuesto en la Regla 58(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58, en un término de cinco (5)

---

[2] "Reporte de Cargos" anejado al recurso.
[3] "Citación para Vista Administrativa Disciplinaria" anejado al recurso.
[4] "Resolución" recurrida anejada al recurso.
[5] Solicitud de reconsideración anejada al recurso.
[6] "Determinación" del DCR anejada al recurso.

días. Además, le concedimos a la recurrida hasta el 5 de mayo de 2025 para presentar su posición en cuanto al recurso.

Llegado el 7 de mayo de 2025 *sin el cumplimiento de lo ordenado*, emitimos otra *"Resolución"* en la que concedimos hasta el 12 de mayo de 2025 para que Moreno Pérez mostrara causa por la que no se debería desestimar el recurso. El recurrente no cumplió.

Por su parte, el 8 de mayo de 2025, la recurrida compareció ante nos, solicitando un término adicional de treinta (30) días para contestar. No obstante, en su petitorio señaló que a la fecha de la referida moción, no había recibido notificación del recurso de revisión ni de sus anejos.

**II.**

**A. Jurisdicción**

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *Mun. Rio Grande v. Adquisición Finca,* 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz de Val y otros v. Morales, Hernández,* 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Const. Recovery Finance,* 2024 TSPR 69, 213 DPR ___ (2024); *R & B Power Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR

239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Freire Ruiz de Val y otros v. Morales, Hernández,* supra; *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, *a iniciativa propia* o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada Regla dispone que este Tribunal, podrá desestimar un recurso por cualquiera de los siguientes motivos:

> ***(1) que el Tribunal de Apelaciones carece de jurisdicción;***
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
>
> (Énfasis nuestro).

### B. Revisión de Agencias Administrativas

El Tribunal de Apelaciones ostenta la facultad de revisar, como cuestión de derecho, las decisiones promovidas por las agencias administrativas, en conformidad con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9676. Sin embargo, el derecho a la revisión judicial no puede coartar la responsabilidad de que estos recursos sean debidamente perfeccionados. Además, el Tribunal Supremo de Puerto Rico ha reiterado que "las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." *Freire Ruiz de Val y otros v. Morales, Hernández,* supra; *UGT v. Centro Médico del Turabo,* 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario,* 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados.

La LPAUG, en su Sección 4.6, dispone que "[e]l procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo". LPAUG, supra, sec. 9676. En el Reglamento de este Tribunal, supra, se recoge la normativa interna que rige los procedimientos y la organización del Tribunal Apelativo.

Relativo al caso ante nos, la Sección 4.2 de la LPAUG, supra, sec. 9672, establece que "[l]a parte notificará la presentación de la

solicitud de revisión a la agencia y a todas las partes **dentro del término para solicitar dicha revisión**". (Énfasis nuestro). Es decir, debe notificar a las partes su recurso, dentro de los treinta (30) días que tiene para presentar el mismo. *Simpson, Passalacqua v. Quiñones, Betances,* 2024 TSPR 64, 213 DPR ___ (2024); *Méndez v. Corp. Quintas San Luis*, 127 DPR 635, 637 (1991). Así también lo dispone la Regla 58(B)(1) del Reglamento, supra.

También, el Reglamento, supra, en su Parte VII, regula, entre otros, lo pertinente a *la notificación* y al cuerpo de un recurso de revisión judicial. Regla 58(A) del Reglamento, supra, establece la forma y manera en la que un recurrente debe notificar a las partes sobre el recurso de revisión judicial. Además, establece que la parte promovente debe hacer constar la notificación, conforme a lo dispuesto en la Regla 13(B) del Reglamento, supra, la cual dispone, en esencia, *que la parte debe acreditar, con prueba documental, la manera y fecha en la que notificó a las partes.*

Además, la Regla 58, en su inciso (B)(4), del Reglamento, supra, reza de la siguiente manera:

> La parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello.
> [...]
> **El término aquí dispuesto será de cumplimiento estricto.**
>
> (Énfasis nuestro).

Ahora bien, los preceptos reglamentarios establecen que dicho requisito de notificación es uno de cumplimiento estricto. Es decir, el mismo no es fatal, por lo que una dilación en la notificación del recurso de revisión puede ser eximida **solamente ante la demostración de una causa justificada**. *Soto Pino v. Uno Radio Group*, supra, en la pág. 93. Deberá entonces la parte que incumple,

acreditar mediante alegaciones concretas, la justa causa para la deficiencia incurrida. La notificación incorrecta de un recurso, en ausencia de justa causa, constituye una falta grave que incide sobre su eficacia e impide que este Tribunal pueda adjudicar las controversias planteadas. *Id*. Nuestro Máximo Foro ha expresado que, la notificación tiene como propósito el promover "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos de éste". *Rosario Domínguez et al. v. ELA et al.*, 198 DPR 197, 215 (2017), citando a *Lagares v. E.L.A.*, 144 DPR 601, 618 (1997).

### III.

Moreno Pérez recurre ante nos solicitando que revisemos la *"Resolución"* del DCR en la que lo privó de varios privilegios, por un alegado incumplimiento con el Reglamento Número 9221, supra. Arguye, entre otras cosas, que la intervención del oficial correccional y el proceso disciplinario no se dio conforme a los contornos reglamentarios aplicables.

Sin embargo, estamos vedados de adentrarnos en los méritos del recurso, esto es, en la adjudicación del mismo. Como reseñáramos previamente, los Tribunales estamos llamados a procurar la correcta asunción de jurisdicción, antes de entender sobre un recurso. Así, en el ejercicio de auscultar la nuestra sobre el caso de marras, concluimos que no tenemos jurisdicción *por falta de notificación a las partes*.

En su recurso, Moreno Pérez no acreditó la notificación que, tanto la jurisprudencia como el Reglamento del Tribunal de Apelaciones, supra, exige se haga constar ante este Foro. Por ser el término de notificación a las partes recurridas uno de estricto cumplimiento, se le concedió al recurrente un término para mostrar causa que justificara su incumplimiento. Sin embargo, este no

evidenció dentro del término concedido la notificación a las partes, ni justificó el incumplimiento, según le ordenamos.

Añadimos que los recurrentes en estos casos deben notificar a la otra parte, dentro del término jurisdiccional, para solicitar la revisión administrativa. Habiendo recibido Moreno Pérez la notificación rechazando su reconsideración el 18 de marzo de 2025, el recurrente tenía hasta el 17 de abril de 2025 para notificarle su recurso al DCR. Sin embargo, el 8 de mayo de 2025 la parte recurrida nos indicó que nunca fue notificada del recurso.

En atención a todo lo esbozado, nos vemos forzados a concluir que no tenemos jurisdicción para atender el recurso de marras, por falta de notificación a la parte recurrida.

Finalmente, señalamos que "el hecho de que las partes comparezcan por *derecho propio*, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Este tipo de comparecencia tampoco puede justificar que las partes incumplan con términos jurisdiccionales o de cumplimiento estricto. *Id.*

**IV.**

Por los fundamentos que anteceden, *desestimamos el recurso por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones